En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| NILSA R. RIVERA COLON<br>     Apelante-recurrida<br><br>        v.<br><br>DIRECTOR ADMINISTRATIVO DE LOS<br>TRIBUNALES<br><br>     Apelado-recurrente | |

Número del Caso: CE-94-755

Abogados Parte Demandante: Apelado-recurrente:

Lic. Sylvia Y. Morales de Montes
Lic. Aida Juarbe de Meléndez

Abogados Parte Demandada: Apelante-recurrida:

Lic. Jaime Roque Colón

Abogados Parte Interventora: AGENCIA RECURRIDA:

Junta de Personal de la Rama Judicial

Tribunal de Instancia: Superior, Sala de San Juan

Juez del Tribunal de Primera Instancia: Hon. Antonio J. Amadeo Murga , Juez de la Unidad Especial de Apelaciones

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 2/9/1998

Materia:  Cesantía

> Este documento constituye un documento oficial del Tribunal
> Supremo que está sujeto a los cambios y correciones del
> proceso de compilación y publicación oficial de las
> decisiones del Tribunal. Su distribución electrónica se hace
> como un servicio público a la comunidad.

Nilsa S. Rivera Colón

    Apelante-recurrida

       v.                      CE-94-755       CERTIORARI

Director Administrativo de
los Tribunales

    Apelado-recurrente

**OPINION DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LOPEZ**

San Juan, Puerto Rico, a 9 de febrero de 1998

El 1ro. de julio de 1985 la recurrida Nilsa S. Rivera Colón comenzó a desempeñarse, con carácter transitorio, como Oficial Jurídico del Centro Judicial de Carolina. Para dicha fecha, el referido puesto estaba comprendido dentro del Servicio Uniforme. Sin embargo, el 14 de octubre de 1985, se le notificó que, efectivo el 16 de octubre de 1985, se cambiaría la clasificación de su nombramiento transitorio a uno de Oficial Jurídico en el Servicio Central. Se le advirtió que a raíz del nombramiento ocuparía un puesto de confianza, por lo que su permanencia quedaría sujeta a la discreción de la autoridad nominadora. Posteriormente, el 26 de junio de 1987 se le

notificó que su puesto había sido reclasificado al de Oficial Jurídico II.

La recurrida Rivera Colón ocupó dicho puesto hasta que, efectivo el 15 de noviembre de 1990, el Director Administrativo de los Tribunales decretó su cesantía, por recomendación del Juez Administrador del referido Centro Judicial. Al así actuar, declaró vacante el puesto de Oficial Jurídico II hasta ese momento ocupado por la recurrida, por tratarse de un puesto de confianza perteneciente al Servicio Central de los empleados de la Rama Judicial.

Acto seguido, el 29 de noviembre de 1990, la recurrida apeló de la referida determinación ante la Junta de Personal de la Rama Judicial. Ambas partes presentaron sendos memorandos de derecho en apoyo de sus contenciones. El 9 de noviembre de 1993, la Junta de Personal de la Rama Judicial emitió una Resolución, mediante la cual declaró sin lugar la apelación presentada por la recurrida Rivera Colón, en cuanto a su reclamación de que tenía derechos propietarios sobre el cargo que ocupaba como Oficial Jurídico II. Dicha determinación tuvo el efecto de confirmar la actuación de la autoridad nominadora respecto a la cesantía de la recurrida. Ello no obstante, quedó pendiente de adjudicarse la reclamación de discrimen de la recurrida.

En vista de tal situación, el 8 de diciembre de 1993 el Director Administrativo de los Tribunales solicitó de la Junta de Personal la reconsideración de su determinación de dejar pendiente la reclamación de discrimen de la recurrida Rivera Colón. El 28 de diciembre de 1993 la Junta declaró sin lugar la solicitud de reconsideración y el 27 de enero de 1994, el Director Administrativo de los Tribunales solicitó revisión judicial en cuanto a la alegación de discrimen hecha por la

recurrida y dejada pendiente de adjudicar por la Junta de Personal de la Rama Judicial.

El caso se asignó a la Unidad Especial de Jueces de Apelaciones del entonces Tribunal Superior de Puerto Rico, mediante Orden emitida por el señor Juez Presidente de este Tribunal. El 11 de julio de 1994, el Hon. Juez Antonio Amadeo Murga emitió una orden de mostrar causa dirigida a la parte recurrida, licenciada Rivera Colón.[1] Sin embargo, dicha parte no compareció.

El 24 de agosto de 1994 la Unidad Especial de Jueces de Apelaciones del entonces Tribunal Superior (Hon. Amadeo Murga, Juez) emitió sentencia. En la misma resolvió que ni la Ley de Personal para la Rama Judicial, Ley Núm. 11 de 24 de julio de 1952, según enmendada,[2] ni el Reglamento de la Administración del Sistema de Personal de la Rama Judicial, promulgado éste al amparo de la mencionada Ley, disponían para la revisión judicial de la resolución recurrida. Además, ante el planteamiento de la parte recurrente de que

el silencio que guarda la Ley no es óbice para que el tribunal revise la misma, el tribunal señaló lo siguiente:

> "[L]a jurisprudencia con la que apoya tal argumento se trata del poder de los tribunales para revisar decisiones de agencias administrativas en aquellos casos en que no existe prohibición legislativa. A pesar de que nuestro ordenamiento favorece la revisión judicial de decisiones administrativas en ausencia de prohibición legislativa no estamos ante una situación similar por no ser la decisión recurrida una emitida por una agencia administrativa." [Citas omitidas]. (Énfasis en el original).[3]

---

[1] El caso se asignó inicialmente al Hon. Hiram A. Sánchez Martínez, Juez del entonces Tribunal de Apelaciones. Sin embargo, éste se inhibió puesto que la controversia en el caso de marras se originó a causa de una petición que él formulara cuando se desempeñaba como Juez Administrador del Centro Judicial de Carolina.

[2] 4 L.P.R.A. sec. 521, et seq.

[3] Véase Sentencia emitida por la Unidad Especial de Jueces de Apelaciones del antiguo Tribunal Superior de Puerto Rico, Civil Núm. KAC94-0111, a las págs. 2-3.

El 9 de septiembre de 1994 la parte aquí recurrente solicitó la reconsideración de la referida sentencia, siendo dicha petición declarada sin lugar mediante resolución de 19 de septiembre de 1994, archivada en autos el 20 de septiembre del mismo año.

El Director Administrativo de los Tribunales acudió ante este Foro, vía Certiorari, planteando la comisión de los siguientes errores:

"1.    Si debió el tribunal de instancia entrar a considerar el Recurso de Revisión en sus méritos, en lugar de declararse sin jurisdicción a base de que la Rama Judicial no es una agencia administrativa conforme a la definición que de ese término contiene la Ley de Procedimiento Administrativo Uniforme, Ley [Núm.] 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 [et seq.]).

2. Si el tribunal de instancia tenía autoridad legal conforme a la jurisprudencia de nuestro más alto foro y de tribunales federales para acoger la Petición de Revisión de cualquiera de las partes afectadas por una determinación de la

Junta de Personal de la Rama Judicial, conforme a los principios de igualdad de derechos procesales; así como con la facultad general del Tribunal para entender en recursos de revisión, de manera discrecional, para suplir una laguna procesal creada por ley."

Acordamos revisar y concedimos término a ambas partes para que se expresaran en torno a sus respectivas posiciones. La parte recurrente compareció, no así la parte recurrida. Resolvemos por tanto, sin el beneficio de su comparecencia.

I

Hemos señalado que "[e]n el ejercicio de nuestra facultad inherente para suplir procedimientos cuando éstos no existen o cuando hayan sido fijados inadecuadamente por algún estatuto" y ante la existencia de lagunas procesales en nuestro ordenamiento, tenemos el deber de resolver las controversias ante nos. Pueblo v. Cortés Rivera, Opinión y Sentencia de 23 de enero de 1997; U.I.L. de Ponce v. Dest. Serrallés, Inc., 116

D.P.R. 348, 353 (1985); **González** v. **Tribunal Superior**, 75 D.P.R. 585, 619 (1953).

En el día de hoy precisamente nos enfrentamos a una laguna procesal existente en nuestro ordenamiento vigente. En el presente caso, notamos que las partes se hallan sin un remedio en ley para lograr la revisión judicial de determinaciones de la Junta de Personal de la Rama Judicial, en tanto y en cuanto ni la Ley ni el Reglamento de la Junta de Personal de la Rama Judicial disponen de un procedimiento para ello. Además, el caso cobra particular singularidad puesto que las disposiciones de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1997 (en adelante L.P.A.U.)[4] no son de aplicación al mismo. Veamos.

## II

Como bien sabemos, la Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 de 14 de octubre de 1975, 3 L.P.R.A. sec. 1301 et seq., establece que el sector de empleo público en el País se rige por el principio del mérito. 3 L.P.R.A. sec. 1311. Sin embargo, la referida Ley de Personal del Servicio Público no es de aplicación, entre otros, a la Rama Judicial. 3 L.P.R.A. sec. 1338.[5] Véase además, **Autoridad de los Puertos** v. **Municipio de San Juan**, 123 D.P.R. 496, 502 (1989). "El legislador fundamentó la exclusión de las Ramas Legislativa y Judicial del ámbito de [la] ley, en su interés de salvaguardar el principio de la separación de poderes, presente en nuestro ordenamiento constitucional." **Id.**

---

[4] 3 L.P.R.A. sec. 2101 et seq. La L.P.A.U. regula de manera uniforme, entre otras cosas, el proceso de revisión judicial de decisiones administrativas.

[5] Dicha Sección de ley establece específicamente lo siguiente:

"Las disposiciones de [la Ley de Personal del Servicio Público de Puerto Rico] no aplicarán a las siguientes ramas, agencias e instrumentalidades del Gobierno:
(1) ........
(2) Rama Judicial
(3) ........

Como resultado de lo anterior, la Asamblea Legislativa de Puerto Rico aprobó la Ley de Personal de la Rama Judicial, Ley Núm. 64 de 31 de mayo de 1976, 4 L.P.R.A. sec. 521 et seq., la cual organiza a los empleados de dicha Rama también a base del principio de mérito.[6] Mediante dicha legislación, se facultó a este Tribunal para adoptar las reglas a regir la Administración de Personal de la Rama Judicial. 4 L.P.R.A. sec. 521.

Así, el 30 de agosto de 1974 comenzaron a regir tres reglamentos aprobados por este Tribunal, los cuales están sumamente relacionados entre sí y se complementan los unos a los otros. Estos son: (1) las Reglas de Administración del Sistema de Personal de la Rama Judicial del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. Ap. XII, las cuales regulan todo lo relacionado con el personal de la Rama Judicial; (2) el Reglamento de la Administración del Sistema de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII, el cual aplica a todos los puestos de la Rama Judicial y trata mayormente sobre las normas relativas a los procesos de clasificación, reclutamiento, retribución, medidas disciplinarias y licencias de los empleados de dicha Rama; y, (3) el Reglamento de la Junta de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIV, el cual regula la organización, funciones y facultades de la Junta de Personal de la Rama Judicial.

Las Reglas de Administración del Sistema de Personal establecen que los cargos y puestos en la Rama Judicial están comprendidos en el Servicio Central y en el Servicio Uniforme.[7] Específicamente, el Servicio Central incluye "aquellos cargos y

---

[6] Véase la Exposición de Motivos de la Ley de Personal de la Rama Judicial, en la cual se indica que "[e]l propósito de esta ley es establecer un sistema de administración de personal autónomo, basado en el principio del mérito, excelencia e idoneidad y sin discrimen de clase alguna, para la Rama Judicial, según las Reglas que adopte el Tribunal Supremo de Puerto Rico dentro de las normas establecidas por esta ley".

[7] Véase: 4 L.P.R.A. Ap. XII, R.4.

puestos que por la naturaleza de sus funciones tienen las siguientes características:

> (a)   Los cargos o puestos cuyos incumbentes nombra el Gobernador, con el consejo y consentimiento del Senado en la Rama Judicial.
>
> (b)   Puestos cuyas funciones requieren la participación y colaboración sustancial con ejecutivos y/o funcionarios directivos que entienden en la formulación de política general y cuyos puestos requieren confianza personal.
>
> (c)   Puestos auxiliares de los ejecutivos, indicados en el párrafo anterior, que por la naturaleza de sus funciones requieren confianza personal".

Además de dichos puestos, y previa recomendación del Director Administrativo de los Tribunales, el Juez Presidente de este Tribunal puede "incluir en el Servicio Central aquellos puestos asesorativos, especializados o de confianza. Todos los demás puestos [están] incluidos en el Servicio Uniforme". Reglamento del Sistema de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII, Sec. 4(4.2). En particular, la Sección II de la Regla 4 de las de Administración del Sistema de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XII, R.4, establece que en el Servicio Central están incluidos, entre otros y en lo pertinente, los Oficiales Jurídicos I y II del Tribunal de Primera Instancia.[8]

Por otra parte, la Regla 24 de las de Administración del Sistema de Personal, 4 L.P.R.A. Ap. XII, R.24, establece que los funcionarios y empleados de la Rama Judicial únicamente pueden ser suspendidos o destituidos por justa causa, previa formulación de cargos y previa concesión de su derecho a defenderse y a ser oídos.[9] Sin embargo, ello es así excepto en

---

[8]   Cabe señalar que este Tribunal ha cambiado, en varias ocasiones, la clasificación del puesto de Oficial Jurídico del Tribunal de Primera Instancia del Servicio Central al Servicio Uniforme. Sin embargo, en lo pertinente, véase la Orden de 11 de septiembre de 1985 de este Tribunal mediante la cual se incluyó el puesto de Oficial Jurídico del Tribunal de Primera Instancia en el Servicio Central y se dejó sin efecto la Orden de 10 de abril de 1981, la cual había incluido dicho puesto al Servicio Uniforme.

[9]   Véase además y a esos mismos efectos, la Sección 16 del Reglamento del

cuanto a los funcionarios y empleados que este Tribunal determine mediante dicho cuerpo reglamentario. Conforme a ello, la Sección 16 del Reglamento del Sistema de Personal de la Rama Judicial dispone que a los funcionarios y empleados del Servicio Central, con excepción de los jueces, se les puede suspender o destituir por la autoridad nominadora <u>a su discreción</u>.[10]

De igual forma, en los casos en que funcionarios o empleados de la Rama Judicial se consideren afectados por alguna determinación de la autoridad nominadora, la Junta de Personal de la Rama Judicial tiene la facultad de investigar y revisar el asunto, pudiendo confirmar, revocar o modificar tales determinaciones de la autoridad nominadora. Véase, Sección VI del Reglamento de la Junta de Personal, 4 L.P.R.A. Ap. XIV, Sec. IV. Esto es, la Junta de Personal de la Rama Judicial es el organismo llamado a resolver las querellas y apelaciones que los empleados de la Rama Judicial radiquen contra decisiones tomadas por la autoridad nominadora que les resulten adversas. Las decisiones tomadas por la referida Junta tienen las características de una determinación cuasi-judicial.

Ahora bien, aun cuando la Ley de Personal de la Rama Judicial y los reglamentos aplicables regulan el procedimiento a seguirse para apelar ante la Junta de Personal de la Rama Judicial las decisiones de la autoridad nominadora, <u>no</u> se establece un

---

Sistema de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII, Sec. 16.

[10] La Sección 3 del Reglamento del Sistema de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII, Sec. 3, define "autoridad nominadora" como "el Juez Presidente del Tribunal Supremo de Puerto Rico o la persona en quien éste delegue, en todo lo que no sea incompatible con la disposición constitucional sobre los nombramientos de los jueces y de la facultad nominadora que ostentan los Jueces Asociados del Tribunal Supremo y de éste en pleno sobre empleados del Servicio Central".

Por su parte, la Sección II(6) del Reglamento de la Junta de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIV, Sec. II, define "autoridad nominadora" como "[e]l Juez Presidente del Tribunal Supremo de Puerto Rico o la persona en quien éste delegue, en todo lo que no sea incompatible con la disposición constitucional sobre los nombramientos de los jueces y de la facultad nominadora que ostentan los Jueces Asociados del Tribunal Supremo y de éste en pleno sobre empleados del Servicio Central, <u>y el Director Administrativo de los Tribunales</u>". (Énfasis suplido).

procedimiento de revisión judicial de una determinación como la que hoy está en controversia.

Así, aun cuando notamos que el segundo párrafo del Artículo 4(b) de la Ley de Personal de la Rama Judicial, 4 L.P.R.A. sec. 524(b), establece un procedimiento de revisión judicial de las determinaciones de la Junta, el mismo no es de aplicación al presente caso.[11] Ello, pues dicho procedimiento únicamente es pertinente en aquellos casos en que se destituye al empleado, previa formulación de cargos. Veamos.

La Sección 3 del Reglamento del Sistema de Personal de la Rama Judicial define el término "destitución" como "el despido definitivo de un empleado en la Rama Judicial por causa justificada". 4 L.P.R.A. Ap. XIII, Sec. 3. De igual forma, cuando en dicha Sección de la Ley se hace alusión al término "destitución", se hace la salvedad de que se realice la misma previa formulación de cargos. Véase, Artículo 4(b) de la Ley de Personal de la Rama Judicial, 4 L.P.R.A. sec. 524(b).

En el caso antes nos la situación es diferente pues la autoridad nominadora determinó que la recurrida era una empleada de confianza, ya que ocupaba el puesto de Oficial Jurídico, el cual forma parte del Servicio Central. Según señalamos anteriormente, en la Sección 16 del Reglamento del Sistema de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII, se dispone que los empleados del Servicio Central pueden ser destituidos por la autoridad nominadora a su discreción.

Por tanto, a la luz de lo anterior, notamos que ni la Ley de Personal de la Rama Judicial ni los reglamentos

---

[11] Dicho artículo establece lo siguiente:

"En los casos de destitución podrá, cualquiera de las partes, recurrir ante la sala de San Juan del Tribunal Superior, dentro del término de diez (10) días de haberse notificado la resolución. La base para la revisión judicial será el récord de los procedimientos seguidos ante la Junta. Dicha revisión solamente podrá concederse sobre cuestiones de derecho y las conclusiones sobre hechos a las cuales llegare la Junta serán aceptadas por el Tribunal si están sostenidas por la prueba. La sentencia del tribunal será

aplicables establecen un procedimiento de revisión judicial de las determinaciones de la Junta de Personal de la Rama Judicial en los casos en que la autoridad nominadora no formula cargos previo a realizar un despido, por no ser ello necesario.

### III

De otra parte, y como es sabido, la Legislatura de Puerto Rico aprobó la Ley Núm. 170 de 12 de agosto de 1988, conocida como la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2101 et seq., (L.P.A.U.). Dicha pieza legislativa contiene un cuerpo de normas "para gobernar las determinaciones de una agencia en procesos adjudicativos al emitir una orden o resolución que define los derechos y deberes legales de personas específicas". Exposición de Motivos, Ley Núm. 170 de 12 de agosto de 1988. En la misma se establece, además, un procedimiento uniforme de revisión judicial de las decisiones tomadas por las agencias administrativas.

La L.P.A.U. aplica "a todos los procedimientos administrativos conducidos ante todas las agencias que no están expresamente exceptuadas [por ésta]". 3 L.P.R.A. sec. 2103. La medida legislativa dispone, entre otras cosas, que aplica a todos los procedimientos en que una agencia deba adjudicar formalmente una controversia. La sección 1.3 de la L.P.A.U., 3 L.P.R.A. sec. 2102(a), define lo que significa el término "agencia" para efectos de dicha ley y expresamente excluye de esa definición a las siguientes entidades gubernamentales:

"(a) . . .

(1) El Senado y la Cámara de Representantes de la Asamblea Legislativa
(2) <u>La Rama Judicial</u>
(3) La Oficina Propia del Gobernador
(4) La Guardia Nacional de Puerto Rico
(5) Los gobiernos municipales o sus entidades o corporaciones
(6) La Comisión Estatal de Elecciones

---

definitiva." (Énfasis suplido).

(7) El Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos

(8) La Comisión para la Celebración del Quinto Centenario del Descubrimiento de América y de Puerto Rico." (Énfasis suplido).

Como podemos notar de lo anterior, la L.P.A.U. específicamente establece que las disposiciones de dicha ley no aplican a la Rama Judicial. Esto es, para efectos de la L.P.A.U., la Rama Judicial no es una agencia administrativa y, por tanto, las disposiciones relativas a la revisión judicial de sus decisiones de carácter administrativo no le aplican.

Ahora bien, por el mero hecho de que ni la Asamblea Legislativa, al exceptuar expresamente a la Rama Judicial de la aplicación de la L.P.A.U., ni este Tribunal, al no promulgar un reglamento a esos efectos, hayan dispuesto un procedimiento de revisión judicial para casos como el que tenemos ante nuestra consideración en el día de hoy, no significa, como correctamente señala la parte peticionaria, que las partes estén desprovistas de tal remedio. Ello, pues "[e]n la práctica casi todo es revisable por los tribunales [y c]omo resultado de esa postura se ha establecido una presunción que favorece la revisión judicial". [Escolio omitido]. Demetrio Fernández Quiñones, _Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme_, Ed. Forum (1993), a las págs. 414-415. De hecho, "[s]e presume el acceso a los tribunales, siempre que no se haya prohibido por la Asamblea Legislativa en forma expresa y clara". _Id._ Así lo hemos reconocido tradicionalmente. Véase, _Bonilla_ v. _Chardón_, 118 D.P.R. 599 (1987); _Santos Rodríguez_ v. _Fuentes Fluviales_, 91 D.P.R. 56, 65 (1964); _Medina_ v. _Pons_, 81 D.P.R. 1 (1959); _López Luiggi_ v. _Muñoz Marín_, 80 D.P.R. 4 (1957); _Rivera_ v. _Benítez, Rector_, 73 D.P.R. 377 (1952).

De esta forma vemos como es requerido que el estatuto prohíba expresamente la revisión judicial de la acción

administrativa. Ahora bien, aun cuando exista dicha prohibición, es necesario analizar si la misma afecta derechos constitucionales o estatutarios de las partes. De de ser así, el acceso a los tribunales está disponible. Fernández Quiñones, Op. Cit., a la pág. 415. En el caso ante nuestra consideración, no hay que realizar el referido análisis ya que ni la Ley de Personal de la Rama Judicial ni los reglamentos aplicables establecen una prohibición expresa a la revisión judicial de las determinaciones de su Junta de Personal.

En el pasado, entidades gubernamentales que no cuentan con un procedimiento de revisión judicial de sus determinaciones y a las cuales tampoco aplica la L.P.A.U., han acudido ante nos para que establezcamos el procedimiento a seguir. Tenemos, por ejemplo, el caso de U.G.T. v. Challenger Caribbean Corp., 126 D.P.R. 22 (1990), el cual trataba sobre una impugnación de un laudo de arbitraje laboral. Conforme a la definición del término "agencia" contenida en la L.P.A.U., las disposiciones de dicha ley no aplican al Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos. Al determinar cuál iba a ser el procedimiento a seguir para impugnar un laudo de arbitraje, resolvimos específicamente que éste tendría que tramitarse conforme al procedimiento de revisión de decisiones administrativas. Id., a la pág. 29. Esto es, "que el procedimiento de revisión judicial de un laudo de arbitraje ha de ser igual al expuesto por ley para cualquier otra revisión ante un tribunal". Id.

A esos mismos efectos, hemos establecido que "[e]l procedimiento a seguirse ante el foro judicial será uno similar al utilizado cuando el tribunal, actuando como foro apelativo, revisa la corrección o incorrección de la sentencia emitida por un tribunal o la decisión de un organismo administrativo".

Serrallés, Inc., *ante*, a la pág. 355. Sin embargo, en Corp. de Crédito y Desarrollo Comercial y Agrícola v. Unión General de Trabajadores, Opinión y Sentencia de 10 de mayo de 1995, aclaramos que "[a]un cuando jurisprudencialmente se haya establecido para la revisión de un laudo un procedimiento análogo al de revisión de dictámenes administrativos, ello no convierte al Negociado en una agencia administrativa a los efectos de que sus decisiones deban ser apeladas ante este Foro", ello de acuerdo al ordenamiento vigente en ese entonces.[12]

IV

Conforme a lo anterior, y en vista de que la Ley de Personal de la Rama Judicial ni los reglamentos aplicables establecen un procedimiento de revisión judicial de decisiones como la que tenemos hoy ante nuestra consideración, resolvemos, como en situaciones análogas pasadas, que aun cuando la Rama Judicial no es una agencia administrativa y, en consecuencia, sus decisiones no se rigen por la L.P.A.U., la decisión de despedir a la empleada en el caso de autos es una similar a las decisiones cuasi-judiciales que, en torno a empleados, se toman a diario en las agencias administrativas del País. Así, conforme a la norma jurisprudencial prevaleciente, lo más sensato y procedente resulta ser que casos como el de autos se rijan por un procedimiento similar al de la revisión judicial de determinaciones administrativas. Corp. de Crédito y Desarrollo Comercial y Agrícola v. Unión General de Trabajadores, *ante*,

_____

[12] Recientemente resolvimos el caso de Asociación de Residentes Linda Gardens, Inc. v. Municipio de Guaynabo, Opinión y Sentencia de 12 de julio de 1995. Este caso era similar al que tenemos hoy ante nuestra consideración en el sentido de que la L.P.A.U. no era aplicable a la controversia "porque expresamente excluyó de su cobertura a los gobiernos municipales". Id. Así, aun cuando la ley que autoriza a los municipios a conceder autorizaciones para el control de acceso a las calles de urbanizaciones o comunidades residenciales públicos, Ley Núm. 21 de 20 de mayo de 1987, 23 L.P.R.A. sec. 64, et seq., establecía el derecho a revisión judicial de las decisiones o dictámenes municipales para cualquier parte en desacuerdo con la decisión de un municipio al respecto, no establecía el procedimiento aplicable para el ejercicio del derecho de revisión judicial. Indicamos, como alternativa procesal para suplir la laguna existente, que era necesario acudir a la Ley de Municipios Autónomos para seguir el procedimiento de revisión allí

U.G.T. v. <u>Challenger Caribbean Corp.</u>, *ante*, a las págs. 29-30 (1990).

Procederá, por tanto, que en esta clase de situaciones las partes acudan al Tribunal de Circuito de Apelaciones en recurso de revisión a ser considerado discrecionalmente.[13] En cuanto a la Región Judicial con competencia para entender en el recurso de revisión, es preciso aclarar que el mismo ha de presentarse en el Circuito Regional del lugar donde se planifique, se esté llevando o se haya llevado a cabo la actividad o incidente que hubiera dado lugar a la controversia. <u>Id.</u>; Regla 60 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R.60. En el caso de autos, a la recurrida se le notificó su despido mediante una carta suscrita por el Director Administrativo de los Tribunales, la cual se le hizo llegar por conducto del Juez Administrador Regional del entonces Tribunal Superior de Carolina. Así, entendemos que la actividad o incidente que dio lugar a la controversia, esto es, el despido de la recurrida, se llevó a cabo en Carolina.

Por los fundamentos que preceden, se dictará Sentencia revocatoria de la emitida en el presente caso por la Unidad Especial de Jueces de Apelaciones del antiguo Tribunal Superior de Puerto Rico, Sala de San Juan, y se ordena a la Secretaria de este Tribunal remita el expediente del caso al Tribunal de Circuito de Apelaciones, Circuito Regional VII, Región Judicial de Carolina, para que éste determine los méritos del recurso radicado.

---

pautado.

[13] Al caso de autos <u>no</u> le es de aplicación lo resuelto en <u>Junta Examinadora de Tecnólogos Médicos</u> v. <u>Elías y otros</u>, Opinión y Sentencia de 26 de novimbre de 1997 (97 J.T.S. 141). A los hechos del referido caso le eran aplicables las disposiciones de la antes mencionada Ley de Procedimiento Administrativo Uniforme; al presente caso, por el contrario y como expresáramos anteriormente, <u>no</u> le son aplicables las disposiciones de la referida Ley.

**FRANCISCO REBOLLO LOPEZ**
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nilsa S. Rivera Colón

    Apelante-recurrida

       v.                        CE-94-755       CERTIORARI

Director Administrativo de
los Tribunales

    Apelado-recurrente


SENTENCIA


San Juan, Puerto Rico, a 9 de febrero de 1998

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por la Unidad Especial de Jueces de Apelaciones del antiguo Tribunal Superior de Puerto Rico y se devuelve el caso al Tribunal de Circuito de Apelaciones, Circuito Regional VII, Región Judicial de Carolina, para procedimientos posteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón concurre en el resultado sin opinión escrita. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita. El Juez Presidente señor Andréu García inhibido.


**Isabel Llompart Zeno**
Secretaria del Tribunal Supremo