ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| WING SIANG NG ROSA<br><br>Peticionario<br><br>v.<br><br>DIRECTOR ADMINISTRATIVO DE LOS TRIBUNALES<br><br>Recurrido | TA2025RA00389 | *Revisión Administrativa* acogida como *Certiorari* procedente de la Junta de Personal de la Rama Judicial<br><br>Caso Núm.:<br>A-24-488<br><br>Sobre:<br>Destitución |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Rivera Marchand, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de enero de 2026.

Comparece ante nos el señor Wing Siang Ng Rosa (señor Ng Rosa o peticionario) y solicita que revoquemos la *Resolución*, emitida el 15 de julio de 2025 por la Junta de Personal de la Rama Judicial (Junta).[1] En el aludido dictamen, la Junta desestimó con perjuicio el recurso de apelación del peticionario por adolecer de falta de jurisdicción.

Tomando en consideración que el señor Ng Rosa interesa la revisión de una determinación bajo el Reglamento de la Junta del Personal de la Rama Judicial, 4 LPRA Ap. XIV (Reglamento), acogemos el presente recurso como un recurso de *certiorari* y conservaremos el número alfanumérico asignado para propósitos administrativos.

---

[1] Sistema Unificado de Administración y Manejo de Casos (SUMAC) TA, Entrada Núm. 1, Apéndice, págs. 30a-32. Notificada el 29 de agosto de 2025.

Adelantamos que, por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* y confirmamos el dictamen recurrido.

**I.**

El señor Ng Rosa se desempeñó como Técnico de Apoyo a Sistemas de Información, en la Región Judicial de Caguas del Poder Judicial de Puerto Rico, hasta el 12 de noviembre de 2024, cuando recibió una carta de destitución, de 8 de noviembre de 2024, suscrita por el Director Administrativo de la Oficina de Administración de Tribunales (OAT), Hon. Sigfrido Steidel Figueroa (Director Administrativo o recurrido).[2] Lo anterior, según se desprende de la misiva, fue como resultado de una investigación administrativa que la Oficina de Asuntos Legales de la OAT (Oficina de Asuntos Legales) realizó en contra del peticionario, tras habérsele imputado conducta agresiva e insubordinada hacia su supervisor. En específico, se le atribuyó haberle proferido una serie de improperios e insultos a su supervisor, así como que le lanzó un café y se condujo de forma amenazante hacia su persona.

Ante su destitución, el 22 de noviembre de 2024, el señor Ng Rosa, a través de un correo electrónico intitulado *Wing Siang radicación por primera vez*, envió fotografías de la carta de destitución así como de un escrito de 13 de septiembre de 2024, a la dirección electrónica de la Junta, provista en la carta de destitución.[3] El referido escrito estaba dirigido a la licenciada Cristina Guerra Cáceres y, en este, el señor Ng Rosa dio su versión sobre los eventos que suscitaron la investigación que culminó con su despido.

El 12 de diciembre de 2024, la Junta notificó al peticionario una misiva suscrita el 6 de diciembre de 2024, en la que le notificó que su caso había quedado radicado y se le apercibió de los derechos procesales a su haber durante el trámite administrativo.

---

[2] SUMAC TA, Entrada Núm. 1, Apéndice, págs. 1-4.
[3] *Íd.*, págs. 5-14.

En reacción, el recurrido presentó una *Moción para Asumir Representación Legal y en Solicitud de Desestimación por Falta de Jurisdicción.*[4] En lo pertinente, solicitó la desestimación del recurso interpuesto por cuanto adujo que no se perfeccionó dentro del término establecido para ello y de conformidad con el Reglamento, *supra.* Especificó que, el señor Ng Rosa no presentó un escrito de apelación firmado y en el que consignara su interés de que se revisara la determinación de la autoridad nominadora, de modo que los documentos que envió no cumplían con las disposiciones reglamentarias para perfeccionar una apelación y, transcurrido el término jurisdiccional de quince (15) días a partir de la notificación de la determinación de la autoridad nominadora, la Junta no ostentaba jurisdicción.

Así las cosas, el 17 de marzo de 2025, el señor Ng Rosa, por conducto de representación legal, presentó una *Oposici[ó]n a Solicitud de Desestimaci[ó]n.*[5] Particularmente, enfatizó que el peticionario no era abogado y que envió el correo electrónico tras recibir orientación de la Oficina de Personal en el Centro Judicial de San Juan. Asimismo, destacó haber laborado un año y medio sin incidentes, y que nunca fue entrevistado sobre los hechos que se le imputaron. Igualmente, sostuvo que estos no constituían conducta insubordinada, agresiva ni desafiante. Por último, esgrimió que el comunicado que envió por correo electrónico constituía su versión de los hechos.

Evaluado el petitorio dispositivo y la oposición, el 15 de julio de 2025, la Junta emitió la *Resolución* recurrida mediante la cual declaró *ha lugar* la solicitud de desestimación presentada por el recurrido y desestimó con perjuicio el recurso interpuesto por el señor Ng Rosa.[6] Según se desprende del expediente ante nos, el referido dictamen fue notificado, por primera vez, el 17 de julio de

---

[4] SUMAC TA, Entrada Núm. 1, Apéndice, págs. 19-25.
[5] *Íd.*, págs. 28-29.
[6] *Íd.*, págs. 30a-32.

2025.[7] No obstante, esta no le fue notificada al representante legal del peticionario, por lo que, el 29 de agosto de 2025, se notificó nuevamente.[8]

Inconforme, el 22 de julio de 2025, el señor Ng Rosa presentó, por derecho propio, un documento intitulado *Moción de Reconsideración*.[9] En primer lugar, indicó que instó por derecho propio su solicitud de reconsideración dada la urgencia procesal y la falta de notificación efectiva a su representación legal. En adición, alegó que la conducta por la cual se le destituyó de empleo fue como respuesta a un patrón de intimidación, represalias y violencia psicológica del que, según adujo, fue objeto por parte de sus supervisores. Igualmente, solicitó que se reconociera la legitimidad de su apelación, y que su conducta fue en reacción a un ambiente de violencia institucional, que se evaluaran los méritos de su caso, así como que se ordenara su reinstalación.

El 12 de noviembre de 2025, la Junta emitió y notificó una *Resolución en Reconsideración* mediante la cual denegó el petitorio de reconsideración interpuesto por el peticionario.[10]

Aun inconforme, el 9 de diciembre de 2025, el señor Ng Rosa comparece ante nos mediante un escrito intitulado *Recurso de Revisión de Decisión Administrativa*, y señala la comisión de los siguientes errores:

> **PRIMER ERROR: Cometió craso error de derecho y violación a la política pública la Honorable Junta de Personal de la Rama Judicial, al haber desestimado con perjuicio una apelación de un empleado con interés propietario en su puesto de carrera, a pesar de haber sido radicada oportunamente, por no cumplir con un requisito de forma y sin brindarle una oportunidad al recurrente para subsanar el error, conforme dispone la política pública que promueve el acceso a la justicia y la adjudicación de los casos en sus méritos.**

> **SEGUNDO ERROR: Por consiguiente, erró la Honorable Junta de Persona de la Rama Judicial al actuar de manera arbitraria cuando desestimó una apelación radicada de manera oportuna y, que contiene la versión de hechos del hoy recurrente por la cual debería dejarse sin efecto la destitución impuesta.**

---

[7] *Íd.*, pág. 30a.
[8] SUMAC TA, Entrada Núm. 1, Apéndice, pág. 30b.
[9] *Íd.*, págs. 33-40.
[10] *Íd.*, págs. 41-42.

Por su parte, el 23 de diciembre de 2025, el recurrido comparece mediante un *Escrito en Oposición a Expedición a Certiorari*.[11] En esencia, sostiene que esta Curia debe atender el recurso presentado como un *certiorari*, de conformidad con lo dispuesto en el Reglamento, *supra*, y denegar su expedición. Asimismo, reiteró su planteamiento de que la Junta no ostentaba jurisdicción para atender el reclamo del peticionario porque este no presentó un escrito de apelación oportuno ni de conformidad con los requisitos reglamentarios.

Así, con el beneficio de la comparecencia de ambas partes, y la totalidad del expediente ante nos, procedemos a disponer del presente asunto, no sin antes exponer la normativa jurídica aplicable.

**II.**

**A. El Reglamento de la Junta de Personal de la Rama Judicial de Puerto Rico.**

En primer lugar, cabe destacar que el Poder Judicial de Puerto Rico no es una agencia administrativa. Sección 1.3 (a) (2) de la Ley Núm. 38 de 30 de junio de 2017, según enmendada, mejor conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), 3 LPRA sec. 9603.

No obstante, el Tribunal Supremo estableció que las decisiones de la Junta, a pesar de que el Poder Judicial no es un ente administrativo ni se rige por la LPAU, son análogas a las decisiones cuasi judiciales tomadas a diario en las agencias administrativas. *Rivera v. Dir. Adm. Trib.*, 144 DPR 808, 822 (1998).

Consecuentemente, la revisión judicial de dichas decisiones se rige "por un procedimiento similar al de la revisión judicial de determinaciones administrativas" y es considerado discrecionalmente. *Íd.*, págs. 822-823.

En relación con la administración del personal del Poder Judicial de Puerto Rico, la Ley Núm. 64 de 31 de mayo de 1973, 4

---

[11] SUMAC TA, Entrada Núm. 3.

LPRA sec. 521 *et seq.,* facultó al Tribunal Supremo para promulgar la correspondiente reglamentación aplicable. *Rivera v. Dir. Adm. Trib., supra,* págs. 814-815.

En virtud de la antedicha legislación, se adoptó el Reglamento, *supra,* que provee un mecanismo para que la Junta de Personal investigue, revise e intervenga en las determinaciones tomadas por la autoridad nominadora en aquellos casos de empleados del Poder Judicial afectados por estas. En ese sentido, la Regla VI (1) (a) del Reglamento, *supra,* dispone que la Junta ostenta jurisdicción para intervenir en apelaciones sobre destituciones de puestos del Servicio Uniforme al Servicio Central.

Cónsono con lo anterior, la Regla VII del Reglamento, *supra,* establece el procedimiento de apelación disponible para aquellos empleados del Poder Judicial que interesen la revisión de la determinación de la OAT que les afecte. En particular, la referida regla dispone lo siguiente:

> (a) Los funcionarios y empleados de la Rama Judicial con derecho a apelar ante la Junta deberán presentar su escrito de apelación en la Secretaría dentro del término de quince (15) días, contados a partir de la fecha de notificación de la determinación tomada por la autoridad nominadora, o a partir de la fecha de expiración del período probatorio en los casos de cesantías cubiertos por el art. [(14.1)] del Reglamento para la Administración del Sistema de Personal de la Rama Judicial, Ap. XIII de este título. Dicho término se considerará de carácter jurisdiccional.
>
> (b) Se entenderá presentada en tiempo la apelación, si a la fecha en que la misma fuere recibida en la Secretaría o hubiere sido depositada en la oficina del servicio postal, según la indicación del matasellos, no hubiere expirado dicho término de quince (15) días. Toda apelación ante la Junta será hecha por escrito y llevará la firma del apelante o de su abogado.
>
> (c) Se considerará suficiente el escrito de apelación que exprese el deseo del apelante de que se revise cualquier actuación que haya tomado la autoridad nominadora y le afecte, debiendo siempre expresar en el mismo con claridad el nombre completo del apelante, su dirección postal y residencial, además de la Sala o dependencia de la Rama Judicial donde trabajaba al tomarse la acción que motiva la apelación.
>
> (d) El Secretario notificará a la autoridad nominadora con copia del escrito de apelación dentro del término de diez (10) días, contados a partir de la fecha de radicación del escrito. La autoridad nominadora deberá remitir al Secretario copia de la orden o determinación que motiva la apelación dentro del término de cinco (5) días de haber sido notificada con copia del escrito de apelación. En los casos de cesantías cubiertos por el art. [(14.1)] del Reglamento para la

Administración del Sistema de Personal de la Rama Judicial, Ap. XIII de este título, la autoridad nominadora deberá remitir, dentro de igual término, un escrito confirmando la determinación. Tan pronto el Secretario reciba de la autoridad nominadora cualquiera de los documentos anteriormente mencionados, según sea el caso, deberá informar a la Junta sobre la apelación.

Asimismo, y atinente al presente recurso, nótese que el inciso (a) de la antedicha disposición reglamentaria, establece que el término concedido para interponer recursos de apelación ante la Junta es de naturaleza jurisdiccional.

En ese sentido, es harto sabido que la jurisdicción es el poder o autoridad de un tribunal o foro adjudicativo para decidir casos y controversias. *Greene v. Biase*, 2025 TSPR 83, 216 DPR ___ (2025); *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 559 (2014); *DACo v. AFSCME,* 185 DPR 1, 12 (2012). Por consiguiente, el primer factor a considerar en toda controversia jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R & B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019)). De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del proceso judicial, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, 204 DPR 372 (2020).

Así pues, en reiteradas ocasiones, el Tribunal Supremo ha indicado que, los foros adjudicativos deben ser celosos guardianes de su jurisdicción y no poseen discreción para asumirla donde no la hay. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023); *Souffront v. AAA*, 164 DPR 663, 674 (2005). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, cuando un tribunal u organismo cuasi judicial determina que no tiene jurisdicción para intervenir en

un asunto, procede la inmediata desestimación del recurso, conforme a lo dispuesto por las leyes y reglamentos para el perfeccionamiento de estos. *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022); *Allied Mgmt. Group v. Oriental Bank, supra.*

Por otro lado, la Regla XIV del Reglamento, *supra,* regula las resoluciones que emite la Junta de Personal en los recursos de apelación que el personal del Poder Judicial interponga. De igual forma, establece un mecanismo para que este Tribunal revise las resoluciones emitidas por la Junta de Personal. En particular, establece lo siguiente:

> (a) Las resoluciones de la Junta se tomarán con el voto de la mayoría. Deberán contener las determinaciones de hecho y las conclusiones de derecho en que estén basadas.
>
> (b) En caso de cesantía, por cualquier razón, de cualquier miembro de la Junta luego de haberse sometido un caso, pero antes de haberse dictado resolución en el mismo, el nuevo miembro que fuere designado para cubrir la vacante podrá intervenir en el caso pendiente de resolución a base de la transcripción de los procedimientos y de todo el expediente del caso.
>
> (c) La parte adversamente afectada por una orden o resolución de la Junta podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.
>
> (d) La parte adversamente afectada por una orden o resolución de la Junta podrá presentar una petición de certiorari ante el Tribunal de Apelaciones, dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha de la notificación de la orden o resolución de la Junta. Cuando se presente una moción de reconsideración oportuna ante la Junta, el término para presentar la petición de certiorari ante el Tribunal de Apelaciones comenzará a contar desde la notificación de la orden o resolución de la Junta que resolvió la moción de reconsideración.
>
> (e) La orden o resolución de la Junta advertirá el derecho de solicitar reconsideración y de recurrir al Tribunal de Apelaciones, y se incluirá la fecha en que ha sido notificada, así como las partes que han sido notificadas con copia de la misma, con expresión de los términos correspondientes.

## B. El Recurso de *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una

sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al.*, *supra*.

Por su parte, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la facultad que tiene el foro judicial apelativo para revisar las resoluciones u órdenes interlocutorias que emite el foro judicial primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez, supra.* A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cónsono con lo anterior, el foro apelativo deber ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.*

Expuesta la normativa jurídica aplicable, procedemos a disponer del presente asunto.

**III.**

Según adelantamos un análisis de las disposiciones reglamentarias aplicables refleja que el vehículo procesal apropiado y establecido para la revisión de las determinaciones de la Junta, como la de autos, es el recurso de *certiorari.* Regla XIV (d) del Reglamento, *supra,* por lo que, es preciso que acojamos el presente caso como un recurso de *certiorari.*

Superado lo anterior, en el presente caso, el señor Ng Rosa nos solicita que dejemos sin efecto la determinación de la Junta de desestimar su recurso de apelación. En esencia, arguye que se violentó su derecho a un debido proceso de ley toda vez que la desestimación se basó en el incumplimiento de requisitos reglamentarios que no impedían a la Junta ejercer su jurisdicción. Sobre esto, plantea que demostró suficientemente su intención de solicitar la apelación de la medida disciplinaria que se tomó en su contra, pues vertió su posición sobre los hechos imputados y acompañó la carta de destitución en el correo electrónico que envió a la Junta, dentro del término de quince (15) días establecido para ello. No le asiste la razón.

De un análisis del expediente ante nuestra consideración, colegimos que, el señor Ng Rosa no presentó un escrito de apelación de conformidad con los requisitos establecidos para perfeccionar uno ante la Junta. Si bien es cierto que, dentro del término de quince (15) días disponible para solicitar la revisión de la medida disciplinaria tomada en su contra por la autoridad nominadora, cursó un correo electrónico a la dirección de la Junta, sólo se limitó a remitir unas copias fotográficas —algunas ilegibles— de la carta en la que se le informó su destitución y una comunicación sin firma de 13 de septiembre de 2024, dirigido a la licenciada Cristina Guerra Cáceres en la que vierte su versión de los hechos.

Es preciso resaltar que la Regla VII del Reglamento, *supra*, establece, en lo pertinente, que:

> (a) Los funcionarios y empleados de la Rama Judicial con derecho a apelar ante la Junta deberán presentar su escrito de apelación en la Secretaría dentro del término de quince (15) días . . . Dicho término se considerará de carácter jurisdiccional.
>
> [...]
>
> (c) Se considerará suficiente el escrito de apelación que exprese el deseo del apelante de que se revise cualquier actuación que haya tomado la autoridad nominadora y le afecte, debiendo siempre expresar en el mismo con claridad el nombre completo del apelante, su dirección postal y residencial, además de la Sala o dependencia de la Rama Judicial donde trabajaba al tomarse la acción que motiva la apelación.
>
> [...]

De lo anterior se desprende que, es imprescindible que, efectivamente, un escrito de apelación debe cumplir con ciertas exigencias como, la firma del empleado o empleada del Poder Judicial o su abogado, y la clara consignación del nombre, dirección postal y residencial del empleado o empleada, así como la Sala o dependencia del Poder Judicial donde laboró. En atención a la postura de la parte recurrida concluimos que la OAT correctamente consignó en su escrito ante nos, que la presentación de copias fotográficas de algunos documentos producidos durante el proceso disciplinario, más el escrito sin firmar, no logra el perfeccionamiento requerido ni sustituye el recurso de apelación de conformidad con el Reglamento, *supra*. Consecuentemente, le asiste la razón al plantear que la Junta no adquirió jurisdicción para atender el reclamo del peticionario, pues no se perfeccionó la apelación dentro del término jurisdiccional establecido.

Si bien es lógico inferir que la intención del señor Ng Rosa, al enviar el correo electrónico de 22 de noviembre de 2024, era que la Junta revisara la determinación que tomó la OAT de destituirlo de su puesto, lo cierto es que nunca se configuró, dentro del término jurisdiccional para ello, el recurso disponible. Ello pues no se produjo el escrito en cumplimiento con las disposiciones

reglamentarias, las que disponen es el elemento que materializa dicha intención de apelar aquellas determinaciones adversas.

Ciertamente, el hecho de haberse presentado una comunicación sin firmar, como lo fue el correo electrónico, dentro del término de quince (15) días, no es suficiente para perfeccionar una acción legal, como lo es el recurso de apelación provisto por el Reglamento, *supra*, según nos invita el peticionario a considerar.

Sobre ello, es preciso resaltar que no nos convence el planteamiento expuesto por el señor Ng Rosa en cuanto a que "vertió su posición en cuanto a los hechos que le fueron imputados y[,] además, dentro de su incapacidad para atender una norma de tipo procesal, acompañó copia de la carta de destitución."[12]

Como vimos, la antedicha pieza reglamentaria precisa una serie de requisitos para que el recurso de apelación quede perfeccionado ante la Junta, cuyo cumplimiento no distingue si el promovente es una persona lega o no. En ese sentido, el solo acto de interponer ante dicho organismo una comunicación dentro de un término jurisdiccional, e incumplir con las demás disposiciones reglamentarias, de manera alguna permite concertar que la causa de acción legal haya quedado perfeccionada. Asimismo, la notificación de recibo y la asignación de un número de caso por parte de la Junta, tampoco subsana la insuficiencia del escrito, como lo deduce el señor Ng Rosa.

En adición, nótese que el peticionario, en la *Oposici[ó]n a Solicitud de Desestimaci[ó]n* interpuesta ante la Junta,[13] no atendió los señalamientos de los vicios del perfeccionamiento de la apelación esgrimidos por el recurrido, sino que, en síntesis, se limitó a indicar que era un lego y discutió los méritos sobre la improcedencia de la destitución por parte de la autoridad nominadora. En su consecuencia, nuestro ordenamiento obliga resaltar la norma

---

[12] SUMAC TA, Entrada Núm. 1, *Recurso de Revisión de Decisión Administrativa*, pág. 10.
[13] *Íd.*, Apéndice, págs. 28-29.

conocida de que, por regla general, el Tribunal de Apelaciones no considera asuntos que no fueron presentados ante los foros adjudicativos inferiores. *Dorado del Mar Estates Homeowners Association, Inc. v. Weber*, 203 DPR 31, 52 (2019); *ELA v. Northwestern Selecta,* 185 DPR 40, 55 (2012).

En fin, de conformidad con el Reglamento, *supra,* la Junta no erró en su determinación pues carecía de jurisdicción para atender el reclamo del señor Ng Rosa, al no haberse perfeccionado la apelación dentro del término jurisdiccional de quince (15) días para ello, vencido el 27 de noviembre de 2024, tras habérsele notificado a este la carta de destitución el 12 de noviembre de 2024.

Como es sabido, la falta de jurisdicción "es un defecto insubsanable, por lo cual el [foro adjudicativo] 'lo único que puede hacer es así declararlo y desestimar el caso.'" *Lozada Sánchez v. JCA,* 184 DPR 898, 994-995 (2012) (citando a *Carattini v. Colazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003)).

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* y confirmamos la determinación administrativa recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones