EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Sixto Quiñones González<br><br>    Recurrido<br><br>            v.<br><br>Asociación de Condómines Playa Azul II<br><br>        Peticionaria | Certiorari<br><br>2004 TSPR 58<br><br>161 DPR ____ |

Número del Caso: CC-2001-421

Fecha: 15 de abril de 2004

Tribunal de Circuito de Apelaciones:

Circuito Regional VII

Juez Ponente:

Hon. Zaida Hernández Torres

Abogados de la Parte Peticionaria:

Lcdo. Tristán Reyes Gilestra
Lcdo. Carlos A. Padilla Vélez

Abogado de la Parte Recurida:

Lcdo. Víctor M. Bermúdez Pérez

Materia: Despido Ilegal, Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sixto Quiñones González

    Recurrido

       v.

                     CC-2001-421

Asociación de Condómines Playa
Azul II

    Peticionaria

Opinión del Tribunal emitida por la Jueza Presidenta señora NAVEIRA MERLY

En San Juan, Puerto Rico, a 15 de abril de 2004.

¿Puede un empleado unionado acudir directamente a los tribunales reclamando despido discriminatorio patronal por razón de edad, aun cuando en el Convenio Colectivo se acordó que las disputas laborales serían dirimidas ante un árbitro oficial[1] o privado?

A los fines de contestar esta interrogante, exponemos los hechos pertinentes y el trasfondo procesal, los cuales no están en controversia.

---

[1] Correspondiente al Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos.

I

El Sr. Sixto Quiñones González se desempeñó desde el año 1971 como guardia de seguridad del Condominio Playa Azul II, en Luquillo, Puerto Rico. Su contrato de empleo era por tiempo indeterminado, cubierto por el Convenio Colectivo suscrito entre la Asociación de Condómines Playa Azul II (en adelante Asociación) y la Unión Fraternal de Guardias de Seguridad de Puerto Rico. El 2 de julio de 1999 la Asociación le comunicó al señor Quiñones González que prescindía de sus servicios, a tenor con los "Derechos de la Gerencia"[2] reconocidos en el Convenio, relativos a su facultad para descontinuar las operaciones de seguridad. Para esa fecha, el señor Quiñones González tenía cincuenta y nueve (59) años de edad, de los cuales veintiocho (28) fueron de servicio en la mencionada compañía de seguridad.

El 7 de marzo de 2000, el señor Quiñones González, su esposa, la Sra. Ana Luz López Carrión, y la sociedad

---

[2] En lo pertinente, el Articulo V, Inciso 5 del Convenio, titulado "Derechos de Gerencia", establece que:

> Nada en este convenio se interpretará en forma tal que infrinja o restrinja ninguno de los derechos, funciones y prerrogativas de la Administración que no sean compatibles con las disposiciones de este convenio. Incluyendo, pero sin limitarse a los siguientes derechos:
>
> **5) el derecho a continuar o descontinuar operaciones....** (Énfasis suplido.)

legal de gananciales compuesta por ambos presentaron una demanda contra la Asociación en el Tribunal de Primera Instancia, Sala Superior de Humacao.  En síntesis, alegaron que el despido del señor Quiñones González había sido injustificado, discriminatorio y en violación a su derecho a la intimidad, ello en clara violación a lo dispuesto en la Ley Núm. 80 de 30 de mayo de 2003 de 1976, 29 L.P.R.A. sec. 185 *et seq,* y en la Ley Núm. 100 de 30 de  junio de 1959, 29 L.P.R.A. sec. 146 *et seq.,* respectivamente.  Oportunamente, la Asociación solicitó la desestimación de la demanda incoada por el señor Quiñones González.  Adujo que el tribunal carecía de jurisdicción para resolver las controversias planteadas por los demandantes ya que el Convenio Colectivo vigente proveía para el arbitraje ante en el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos de Puerto Rico (en adelante Negociado)[3].

---

[3]   En lo pertinente a la causa de epígrafe, el Convenio Colectivo suscrito entre la Asociación de Condóminos y la Unión Fraternal de Guardias de Seguridad de Puerto Rico establecía en su Art. VIII (Quejas, Agravios y Arbitraje) que:

> Cualquier controversia en relación al significado de interpretación de los términos de este convenio o en relación a cualquier otro asunto relacionado con el empleo que se establezca en el mismo, serán atendidas de la siguiente manera:
> . . . .
> Sección 4: En el caso de que el problema no pueda ser resuelto de la manera provista anteriormente, **las partes acuerdan someter la disputa ante un árbitro en el Negociado de Conciliación y Arbitraje del Departamento del**

En oposición, el señor Quiñones González argumentó que de acuerdo con lo resuelto en *Vélez v. Serv. Legales de P.R., Inc.*, 144 D.P.R. 673 (1998), su reclamación de discrimen por edad le permitía obviar el procedimiento de arbitraje y acudir directamente ante los tribunales.

El 19 de septiembre de 2000, el Tribunal de Primera Instancia emitió sentencia desestimando totalmente la reclamación del señor Quiñones González por falta de jurisdicción.  Dictaminó que la controversia debía ser resuelta bajo el procedimiento de arbitraje establecido en el convenio colectivo.  El señor Quiñones González solicitó reconsideración.  Mediante resolución de 4 de enero de 2001, el foro de instancia reconsideró la sentencia desestimatoria previamente dictada, y a tenor con *Vélez v. Serv. Legales de P.R., supra*, concluyó que el obrero despedido podía proseguir su reclamación de discrimen por edad pese a no haber agotado los remedios provistos en el convenio colectivo.

Así las cosas, la Asociación de Condóminos acudió en *certiorari* ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito.)  Luego de varios incidentes procesales, dicho tribunal denegó

**Trabajo Y Recursos Humanos o árbitro seleccionado por las partes.** El árbitro no tendrá poder para añadir o eliminar parte alguna de este convenio y cuya [sic] decisión será final y firme conforme a la ley.  Tanto la unión como el patrono tendrá derecho de utilizar el procedimiento de quejas y agravios y arbitraje. (Énfasis suplido.)

el recurso solicitado. Sostuvo que, conforme a lo establecido en *Vélez v. Serv. Legales de P.R., supra,* y lo dispuesto en el Reglamento para el Orden Interno de los Servicios de Arbitraje del Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos de Puerto Rico, Reglamento Núm. 2948 de 27 de enero de 1983 (en adelante Reglamento), la reclamación de discrimen bajo la Ley Núm. 100 permitía al señor Quiñones González prescindir del arbitraje, razón por la cual podía acudir directamente al foro judicial.

Inconforme, la Asociación acudió ante nos mediante recurso de *certiorari.* Tras varias reconsideraciones, el 5 de abril de 2002 expedimos el auto solicitado. La Asociación aduce que incidió el foro apelativo:

> ... al negarse a expedir el auto solicitado y concluir que un empleado unionado, que es cesanteado y quien no cuestiona su despido ante el foro de arbitraje pactado en el convenio colectivo, puede posteriormente instar una reclamación por alegado despido discriminatorio.

Con el beneficio de la comparecencia de ambas partes, resolvemos.


II

En Puerto Rico existe una fuerte política pública a favor del arbitraje como método alterno para la solución de conflictos. *Crufon Const. v. Aut. Edif. Públs.,* Op. de 11 de febrero de 2002, 2002 J.T.S. 24, a la pág. 726;

*Medina v. Cruz Azul de P.R.*, Op. de 30 de noviembre de 2001, 2001 J.T.S. 168, a la pág. 497; *Paine Weeber v. Sociedad de Gananciales*, Op. de 13 de junio de 2000, 2000 J.T.S. 100, a la pág. 1283.   A tenor con ello, hemos establecido que las partes que voluntariamente se someten a un procedimiento de arbitraje están obligadas por el mismo, salvo aquellas situaciones en que la jurisprudencia haya establecido que medie justa causa para obviarlo.   *Pagán v. Fund. Hosp. Dr. Pila*, 114 D.P.R. 224, 232 (1983).

Así, pues, hemos reconocido excepciones limitadas a la regla del cumplimiento previo de la obligación de arbitrar: en aquellos escenarios en que una unión falta a su deber de proveer a sus representados justa representación, *F.S.E. v. J.R.T.*, 111 D.P.R. 505 (1981); cuando recurrir al arbitraje constituya un gesto fútil y vacío, *Hermandad Unión de Empleados v. F.S.E.*, 112 D.P.R. 51 (1982); y en reclamaciones por hostigamiento sexual al amparo de la Ley Núm. 17 de 22 de abril de 1998, 29 L.P.R.A. 146 *et seq.*(en adelante Ley Núm. 17), *Vélez v. Serv. Legales de P.R., supra.*[4]

---

[4]   En *Vélez v. Serv. Legales de P.R., Inc., supra,* nos expresamos en torno a las reclamaciones por despido discriminatorio por razón de sexo y el arbitraje acordado en un convenio colectivo.   Allí se presentó una acción judicial alegando la querellante un patrón de represalias de parte del patrono como resultado de haber denunciado un acto de alegado hostigamiento sexual.   El patrono alegó falta de jurisdicción del tribunal porque la querellante era empleada unionada que debía recurrir al procedimiento de arbitraje establecido en el convenio

Recientemente, en *Medina v. Cruz Azul de Puerto Rico*, Op. de 30 de noviembre de 2001, 2001 J.T.S. 168, a la pág. 198, adoptamos lo establecido en el Art. 3, Inciso (d) del Reglamento para el Orden Interno de los Servicios de Arbitraje del Negociado de Conciliación y Arbitraje,[5] y extendimos la norma de obviar el arbitraje a aquellos casos en que: 1)se trate de una acción por despido discriminatorio y 2) las partes hayan acordado que sus disputas se resolverían <u>exclusivamente</u> ante un árbitro del Negociado.  En estos casos, el foro adecuado

---

colectivo.  Se resolvió que ésta no estaba obligada a agotar el procedimiento de arbitraje establecido en el convenio.  Dicho dictamen se basó en dos (2) criterios. Primero, porque el Reglamento para el Orden Interno de los Servicios de Arbitraje del Negociado de Conciliación y Arbitraje, Art. 3 inciso (d), impide que sus árbitros ventilen casos por discriminación cubiertos por la Ley Núm. 100 y/o por el Título VII de la Ley Federal de Derechos Civiles, según enmendada.  Segundo, porque los tribunales tienen jurisdicción para dilucidar toda controversia sobre discrimen por sexo en el empleo conforme la política pública enunciada en la Ley Núm. 17 que decreta el hostigamiento sexual en el empleo como una forma de discrimen por sexo.

[5]    La citada disposición establece que:

    d) No se ventilarán ante los árbitros del Negociado los casos por discriminación cubiertos por las disposiciones de la Ley 100 de 30 de junio de 1959, según enmendada, y/o por el Titulo VII de la Ley Federal de Derechos Civiles de 1964, según enmendada; Ley de Discrimen en el Empleo por Razón de Edad de 15 de diciembre de 1967; Ley de Americanos con Impedimentos (ADAD); Ley 44 de 2 de julio de 1985, según enmendada y la Ley que Prohíbe el Hostigamiento Sexual en el Empleo, Ley 17 de 22 de abril de 1988.

para resolver cualquier reclamación por alegado despido discriminatorio lo serán los tribunales.

En lo pertinente, el convenio colectivo examinado en *Medina v. Cruz Azul de P.R., supra*, establecía:

> *En los casos de suspensión o despido, las partes acuerdan obviar los primeros dos pasos del procedimiento y se acuerda que en aquellos casos en que la Unión decida cuestionar dicha suspensión o despido, deberá radicar la Solicitud de Arbitraje en el* **Negociado de Conciliación y Arbitraje** *dentro de los doce (12) días laborables a partir de la notificación de los cargos al Presidente de la Unión. Convenio Colectivo entre La Cruz Azul de Puerto Rico y la Unión Independiente Empleados de la Cruz Azul de Puerto Rico, Art. XXVII, Sec. 11.* (Énfasis suplido.)[6]

Precisa señalar que lo recogido en *Medina v. Cruz Azul de P.R., supra,* gobierna, en parte, la controversia traída ante nuestra consideración en la causa de epígrafe. Empero, existe una diferencia crucial que es necesaria atender. Nos explicamos.

En el presente caso, a diferencia de *Medina v. Cruz Azul, supra*, donde el convenio colectivo establecía que las partes acordaban someter sus disputas laborales **exclusivamente** ante un árbitro del Negociado, **las partes acordaron que sus controversias serían resueltas ante un árbitro del Negociado de Conciliación y Arbitraje, con las limitaciones que la ley y la jurisprudencia les imponen, o bien ante un árbitro privado.** A tales efectos, el Art. VIII del convenio colectivo suscrito

---

[6]     Id., *a la pág. 498.*

entre la Asociación y el señor Quiñones González dispone lo siguiente:

> *Cualquier controversia en relación al significado de interpretación de los términos de este convenio o en relación a cualquier otro asunto relacionado con el empleo que se establezca en el mismo, serán atendidas [sic] de la siguiente manera:*
>
> *Sección 4: En el caso de que el problema no pueda ser resuelto de la manera provista anteriormente, **las partes acuerdan someter la disputa ante un árbitro en el Negociado de Conciliación y Arbitraje del Departamento del Trabajo Y Recursos Humanos o árbitro seleccionado por las partes**. El árbitro no tendrá poder para añadir o eliminar parte alguna de este convenio y cuya decisión será final y firme conforme a la ley. Tanto la unión como el patrono tendrá derecho de utilizar el procedimiento de quejas y agravios y arbitraje.* (Énfasis suplido.)

Como se puede apreciar, y ante los hechos particulares del caso de autos, luego de este foro haber resuelto que el Negociado no atenderá disputas de discrimen bajo la Ley Núm. 100, restaría por resolver si un empleado unionado (señor Quiñones González) puede acudir directamente a los tribunales reclamando despido discriminatorio por razón de edad, aun cuando el Convenio Colectivo contempla la alternativa del arbitraje privado. La Asociación de Condóminos entiende que el empleado unionado no puede acudir al foro judicial sin antes agotar los remedios arbitrales dispuestos en el convenio. No le asiste la razón.

Para disponer de la controversia sometida ante nuestra consideración, es menester acudir, en primera

instancia, al texto e historial legislativo de la Ley Núm. 100. De esta manera, podremos auscultar a quién verdaderamente nuestra Asamblea Legislativa le concedió jurisdicción para adjudicar reclamaciones al amparo de la Ley Núm. 100, y en particular, aquellas que versan sobre discrimen por razón de edad.

Huelga decir que en nuestra función de interpretar la ley sólo existe una regla que es absolutamente invariable, esta es, descubrir y hacer cumplir la intención y deseo del poder legislativo. *Secretario del Trabajo v. P.R. Cereal Extracts Inc.,* 83 D.P.R. 267, 275-276 (1961). Corresponde a los tribunales imprimirle efectividad a la intención legislativa, propiciando así la realización del propósito que persigue la ley. *Irizarry vs. J&J Cons. Prods. Co., Inc.,* Op. de 27 de enero de 2000, 2000 T.S.P.R. 15, 2000 J.T.S. 27, a la pág. 614.

Luego de un análisis ponderado de la Ley Núm. 100 y su jurisprudencia interpretativa, así como de la casuística que gobierna el tema del arbitraje, entendemos que en casos de despido patronal discriminatorio por razón de edad, aun cuando el Convenio Colectivo comtemple la alternativa del arbitraje privado, los tribunales conservarán jurisdicción para entender en ellos desde el primer momento en que surja la causa de acción, ello

independientemente de lo establecido en el convenio colectivo.

Al así resolver, acogemos <u>el mandato de política pública</u> de la Asamblea Legislativa de Puerto Rico, plasmado en el propio texto de la Ley Núm. 100, el cual claramente establece que todo obrero que entienda tiene causa de acción bajo esta ley puede acudir en jurisdicción original a los tribunales para hacer valer tales derechos, sin necesidad de acudir previamente a otro tipo de foro.[7] Para comprobar ello, basta acudir al Art. 4 de la Ley Núm. 100, 29 L.P.R.A. sec. 149, el cual en lo pertinente dispone que en los casos de discrimen

---

[7] Como queda dicho, en *Vélez v. Serv. Legales de P.R., Inc., supra,* se resolvió que un empleado unionado no estaba obligado a agotar el procedimiento de arbitraje establecido en el convenio en aquellas reclamaciones de hostigamiento sexual, ello basado en que: 1) el Reglamento para el Orden Interno de los Servicios de Arbitraje del Negociado de Conciliación y Arbitraje, Art. 3 inciso (d), impide que sus árbitros ventilen casos por discriminación cubiertos por la Ley Núm. 100 y/o por el Título VII de la Ley Federal de Derechos Civiles, según enmendada; y 2) los tribunales tienen jurisdicción para dilucidar toda controversia sobre discrimen por sexo en el empleo conforme la política pública enunciada en la Ley Núm. 17 que decreta el hostigamiento sexual en el empleo como una forma de discrimen por sexo.

La Ley Núm. 100 prohíbe el discrimen en el empleo por razón de edad, raza, color, sexo, origen social o nacional, condición social de ideas políticas o religiosas. No hay duda de que la Ley Núm. 17 persigue el mismo propósito que la Ley Núm. 100 aunque se refiera al hostigamiento sexual. *Vélez v. Servicios Legales, supra*, a la pág. 460. Siendo ello así, la facultad adjudicativa de los tribunales en los casos de discrimen bajo la Ley Núm. 100 no puede quedar limitada, pues, por razón de cláusula alguna de arbitraje incluida en un convenio colectivo.

por razón de edad, raza, color, sexo, religión, origen social o nacional o condición social:

> *El Tribunal de Primera Instancia y el Tribunal de Distrito tendrán **jurisdicción original** concurrente en los casos que surgieran bajo la sec. 146 a 151 de este título.* Las reclamaciones civiles podrán tramitarse por acción ordinaria o mediante el procedimiento de querella establecido por la Ley Núm. 10 de 14 de noviembre de 1917, según ha sido o fuere posteriormente enmendada. (Énfasis suplido.)

A la luz del texto antes citado, resulta forzoso concluir que, no procede, como pretende la Asociación, quitarles a los tribunales una facultad que expresamente le concedió el legislador.  No es simplemente que los tribunales tendrán jurisdicción, es que **dicha jurisdicción es original**, es decir, **...en su origen, ...en su inicios, ...en sus comienzos...en su nacimiento...desde el primer momento en que surja la causa de acción.**[8]  Siendo ello así, no podemos privar al obrero de un foro que le concedió el legislador para reclamar sus derechos, por el hecho de que la unión haya pactado someter cualquier disputa laboral al proceso de arbitraje.  Máxime, cuando se trata de controversias que envuelven elementos subjetivos, de intención y propósitos mentales, donde los tribunales juegan un

---

[8]    Para definiciones, consúltese Real Academia Española, *Diccionario de la Lengua Española*, XXII ed., 2001, págs. 1632, 1834; Ángel López García-Molins, *Diccionario de Sinónimos y Antónimos de la Lengua Española, 1985, pág.* 715.

papel esencial, sino decisivo, para llegar a la verdad. *Soto v. Caribe Hilton*, 137 D.P.R. 294, 301-302 (1994). El arbitraje no implica la renuncia de derechos. Debe mantenerse presente que el texto claro de una ley es la expresión por excelencia de la intención legislativa.[9] **"En aras de la liberalidad no podemos ir más allá de la ley"**. *Rivera Coll v. Tribunal Superior,* 103 D.P.R. 325, 331 (1975).

No empese a que la expresión "jurisdicción original" tiende a ser excluyente, si el empleado unionado, <u>al momento en que surge la causa de acción</u>, decide acogerse al procedimiento de arbitraje dispuesto en el convenio colectivo, tendrá derecho ventilar su reclamación mediante el arbitraje. Nada en el Historial Legislativo de la Ley Núm. 100 lo impide, ello a diferencia de lo resuelto en *Medina v. Cruz Azul, supra*, donde el Secretario del Trabajo y Recursos Humanos había prohibido expresamente que los árbitros del Negociado adjudicaran controversias bajo la Ley Núm. 100.[10]  Está a

---

[9]    En reiteradas ocasiones hemos señalado que para privar a un tribunal de su autoridad para conocer sobre algún asunto en particular, es necesario que algún estatuto **expresamente así lo disponga** o que **ello surja del mismo por implicación necesaria**. *J. Directores v. Ramos*, Op. de 28 de agosto de 2002, 2002 TSPR 113, 2002 JTS 119; *Lagares v. E.L.A.*, 144 D.P.R. 601 (1997); *Junta Dir. Cond. Montebello v. Fernández, supra; Rosado v. Registrador, supra*.

[10]    Es menester señalar que en el caso de autos no es de aplicación lo resuelto en *Ceferino Pérez v. Autoridad de Fuentes Fluviales,* 87 D.P.R. 118 (1963), y reafirmado en *Pagán v. Fund. Hosp. Dr. Pila, supra*, donde se

la elección del obrero escoger cuál de los dos foros es el más adecuado para llevar su reclamación, el convenio colectivo no lo va a limitar en cuanto a este aspecto.

**En síntesis, resolvemos que aquel empleado unionado que al amparo de la Ley Núm. 100, reclame que su despido obedeció a discrimen por edad, podrá acudir directamente a los tribunales, sin necesidad de agotar los remedios arbitrales dispuestos en el convenio colectivo. Ahora bien, si al momento en que surge la acción opta por acudir al foro arbitral, por proveérsele esta alternativa en el convenio colectivo, tendrá derecho a**

---

determinó que procedía el arbitraje compulsorio en la reclamación de horas extras y salarios. A diferencia de la Ley Núm. 100, la Ley Núm. 379 del 15 de mayo de 1948, 29 L.P.R.A. 271 *et seq.*, no le otorgó jurisdicción original a los tribunales. El texto de la misma revela la directriz legislativa de que se utilizarán los métodos alternos para la solución de conflictos como uno de los foros indicados para resolver las disputas que surjan en virtud de dicha ley.

A tales efectos dispone la Sec. 282 de la mencionada disposición legal:

**Horas de trabajo- Reclamaciones de empleados, daños; transacción; intervención de mediadores.**

. . . .
Estas reclamaciones podrán tramitarse de acuerdo con el procedimiento ordinario o el procedimiento de querella establecido en las secs. 3118 et seq. del Titulo 32.
. . . .
Será valida, asimismo, toda transacción extrajudicial que se realice mediante la intervención de mediadores de conflictos obrero-patronales del Departamento del Trabajo y Recursos Humanos, sujeto a las normas o criterios que a tales fines establezca el Secretario mediante reglamento u orden administrativa.

**ventilar su reclamación en dicho foro. En estas circunstancias, el obrero tendrá dos (2) foros disponibles para atender su reclamo: el foro judicial (por disposición de ley) y el foro arbitral privado (por disposición del convenio).**

Precisa señalar, tal como lo hicimos en *Vélez v. Serv. Legales de P.R., Inc.*, *supra*, que lo aquí resuelto no implica el que hayamos adoptado en nuestra jurisdicción lo resuelto en *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), reafirmado en *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981) y *Mc Donald v. West Branch*, 466 U.S. 284 (1984), a los efectos de que las controversias laborales fundamentadas en la constitución o las leyes pueden ser ventiladas directamente en los tribunales, sin antes acudir al procedimiento arbitral dispuesto en el convenio colectivo. Salvo la excepción aquí establecida, que nace del texto de la Ley Núm. 100 y la intención legislativa, continuaremos siendo custodios de los postulados básicos de política pública habidos en Puerto Rico que favorecen el que las controversias obrero-patronales se puedan resolver a través de métodos extrajudiciales para la solución de conflictos como lo es el arbitraje.

Aclarado lo anterior, procede, pues, aplicar normativa antes expuesta a los hechos que nutren la causa de epígrafe.

III

En el presente caso, el 29 de febrero de 2002 el señor Quiñones González instó una demanda al amparo de la Ley Núm. 100 por alegado despido discriminatorio por razón de edad. En el Convenio Colectivo suscrito entre la Asociación y la Unión Fraternal de Guardias de Seguridad de Puerto Rico las partes acordaron someter cualquier disputa obrero-patronal habida entre ellos a un árbitro del Negociado o árbitro privado seleccionado por las partes. Conforme a lo aquí resuelto, unido a lo establecido en *Medina v. Cruz Azul de P.R., supra,* el señor Quiñones González tenía dos (2) foros disponibles para atender su reclamo: el foro judicial y el foro arbitral privado. El señor Quiñónez González optó por acudir al foro judicial. Dicho foro tenía jurisdicción para entender en el asunto. Por ende, no procedía la desestimación por falta de jurisdicción solicitada por la Asociación.[11]

---

[11] Es menester aclarar, que la norma establecida en el presente caso no se extiende a la reclamación por despido injustificado instada por el señor Quiñones González el 29 de febrero de 2000. Tal causa de acción se extinguió ya que el señor Quiñones González no cuestionó la legitimidad de su despido ante el foro apropiado, es decir, el foro arbitral, dentro del término de siete (7) días desde que el obrero tuvo conocimiento de su despido establecía el convenio colectivo.

El Art. VIII, Inciso 1, titulado "Quejas, Agravios y Arbitraje", dispone en lo pertinente que:

Cualquier controversia en relación al significado de interpretación de los términos de este convenio o en relación a cualquier

IV

Por los fundamentos expuestos en la opinión que antecede, se dicta sentencia confirmando el dictamen emitido el 24 de abril de 2001 por el antiguo Tribunal de Circuito de Apelaciones. Se devuelve el caso al foro de instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.


                                MIRIAM NAVEIRA MERLY
                                  Jueza Presidenta

---

otro asunto relacionado con el empleo que se establezca en el mismo, serán atendidas de la siguiente manera:

**Sección 1: El empleado afectado deberá presentar su queja por escrito a la Junta de Directores del condominio dentro de los próximos siete (7) días naturales a partir de la fecha en que surgió la queja y/o desde que el empleado tuvo conocimiento de la misma.**

Sección 2: Si no se llegase a un acuerdo, dentro de tres días laborables. La cuestión se someterá por escrito a la consideración de los Oficiales designados por la Unión y el Patrono para atender el asunto.

Sección 4: En el caso de que el problema no pueda ser resuelto de la manera provista anteriormente, las partes acuerdan someter la disputa ante un árbitro en el Negociado de Conciliación y Arbitraje del departamento del trabajo Y Recursos Humanos o árbitro seleccionado por las partes. El árbitro no tendrá poder para añadir o eliminar parte alguna de este convenio y cuya decisión será final y firme conforme a la ley. Tanto la unión como el patrono tendrá derecho de utilizar el procedimiento de quejas y agravios y arbitraje. (Énfasis suplido.)

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Sixto Quiñones González

        Recurrido


        v.

                                  CC-2001-421

Asociación de Condómines Playa
Azul II

        Peticionaria




                        SENTENCIA



            San Juan, Puerto Rico a 15 de abril de 2004



            Por los fundamentos expuestos en la
opinión que antecede, se dicta sentencia
confirmando el dictamen emitido el 24 de
abril de 2001 por el Tribunal de Circuito de
Apelaciones.  Se devuelve el caso al foro de
instancia para la continuación de los
procedimientos de forma compatible con lo
aquí resuelto.

            Lo acordó el Tribunal y certifica la
Secretaria del Tribunal Supremo.  El Juez
Asociado señor Rivera Pérez disiente sin
opinión escrita.



                        Patricia Otón Olivieri
                    Secretaria del Tribunal Supremo