# 2009 DTA 93

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL I**

RICARDO SANTIAGO
Recurrido

v.

DIRECTORA ADMINISTRATIVA DE LOS TRIBUNALES
Recurrente

Núm. KLRA-2009-00125

San Juan, Puerto Rico, a 23 de junio de 2009

Panel integrado por su Presidente, el Juez Ramírez Nazario,
y los Jueces Piñero González y Morales Rodríguez

Ramírez Nazario, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece la Directora Administrativa de los Tribunales (en adelante, Directora Administrativa) y nos solicita la revisión de una orden emitida el 30 de enero de 2009 por la Junta de Personal de la Rama Judicial (en adelante, la Junta de Personal). Mediante dicha orden, la Junta de Personal declaró No Ha Lugar a la moción de reconsideración presentada por la Directora Administrativa, en la cual solicitaba la desestimación por falta de jurisdicción de la querella incoada.

Considerado el escrito presentado, así como los documentos que lo acompañan a la luz del derecho aplicable, resolvemos desestimar por falta de jurisdicción, por tratarse de una resolución interlocutoria.

**I**

Según se desprende del recurso presentado, el señor Ricardo Santiago Albizu [1] (en adelante, señor Santiago), quien es alguacil auxiliar del Tribunal de Primera Instancia en la Sala Superior de Ponce, presentó una querella ante la Junta de Personal. Los hechos que motivaron la presentación de la querella son los que se describen a continuación.

El señor Santiago se ausentó de su trabajo el 29 de noviembre de 2007. Se alegó que éste no había obtenido autorización previa de su supervisor inmediato para ausentarse. Así las cosas, el señor Santiago recibió una comunicación donde se le informó que se le iba a descontar de su salario el día 29 de noviembre de 2007, ya que su ausencia fue sin autorización. Insatisfecho con esta decisión, el señor Santiago le envió una carta al Sr. Juan Ramón Ruiz Aponte, Director Ejecutivo de la Región de Ponce para que reconsiderara la determinación de descontarle el salario de ese día. Por su parte, el Director Ejecutivo le contestó que había referido su solicitud a la Oficina de Recursos Humanos de la Oficina de Administración de los Tribunales para que atendieran el asunto.

Posteriormente, el señor Santiago recibió una carta de la señora María G. Colón, Directora del Área de Recursos Humanos de la Oficina de Administración de los Tribunales, fechada el 6 de octubre de 2008, en la que se le notificó que ésta se reiteraba en la decisión previamente tomada por su supervisor, de descontarle de su salario el día 29 de noviembre de 2007 (por haberse ausentado sin autorización). Además, en la referida notificación se le apercibe al señor Santiago de su derecho a apelar esta decisión ante la Junta de Personal. A estos efectos, la carta expresa lo siguiente:

"Se le apercibe de su derecho a solicitar revisión de esta determinación dentro de los próximos 15 días contados a partir del recibo de esta notificación, ante la Junta de Personal de la Rama Judicial, ubicada en el 5to piso del Centro Judicial de San Juan, Avenida Muñoz Rivera, Esquina Coll y Toste, dirección postal: PO Box 191640, San Juan, Puerto Rico 00919-1640"

Según expresa el propio señor Santiago en la querella presentada ante la Junta de Personal, éste recibió dicha comunicación el 3 de noviembre de 2008, día en que regresó a trabajar, ya que se encontraba disfrutando de una licencia por vacaciones. No conforme con la decisión de descontarle el día de sueldo, éste presentó una querella ante la Junta de Personal.

Así las cosas, la Directora Administrativa presentó ante la Junta de Personal una Moción Solicitando Desestimación por Falta de Jurisdicción. Alegó que la querella había sido presentada fuera del término jurisdiccional de 15 días provisto en el Artículo VIII del Reglamento de la Junta de Personal de la Rama Judicial (en adelante, Reglamento de la Junta de Personal), 4 L.P.R.A. Apéndice XIV.

Por su parte, el señor Santiago presentó una Moción en Oposición a la Solicitud de Desestimación por Falta de Jurisdicción. En la misma adujo que había presentado su moción de revisión ante la Junta de Personal el 14 de noviembre de 2008, dentro del término jurisdiccional, y que ello se evidencia con el ponche estampado en la carta.

Así, la Junta de Personal declaró sin lugar la Moción de Desestimación presentada por la Directora Administrativa. Insatisfecha, ésta presentó una moción de reconsideración, que fue declarada No Ha Lugar, el 30 de enero de 2009.

## II

Inconforme con esta determinación, la Directora Administrativa recurre ante nosotros y nos plantea que:

"Erró la Junta de Personal al asumir jurisdicción en el caso de autos a pesar de que la querella fue presentada expirado el término jurisdiccional de quince (15) días."

## III

El recurso de epígrafe se presentó al amparo del Artículo 4, inciso (b) de la Ley de Personal de la Rama Judicial, Ley Núm. 64 de 31 de mayo de 1973, según enmendado por la Ley Núm. 251 de 15 de agosto de 1999, 4 LPRA § 524(b). Cabe señalar que aun antes de enmendarse la Ley de Personal, el Tribunal Supremo había dispuesto que el procedimiento para solicitar la revisión en estos casos es similar a la revisión judicial de las determinaciones administrativas, establecido en la Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 *et seq. Rivera Colón v. Directora Administrativa de los Tribunales,* 144 DPR 808 (1998).

Ello porque, aun cuando la LPAU y las doctrinas del derecho administrativo no aplican directamente a la Rama Judicial, el Tribunal Supremo dispuso que lo más sensato y procedente resulta ser que casos como el de autos se rijan por un procedimiento similar al de la revisión judicial de determinaciones administrativas. *Rivera Colón v. Directora Administrativa de los Tribunales, supra.*

## B

La Asamblea Legislativa de Puerto Rico aprobó la Ley de Personal de la Rama Judicial, Ley Número 64 de 31 de mayo de 1973, según enmendada, 4 L.P.R.A. § 521 *et seq.* (en adelante, Ley de Personal). Dicha legislación facultó al Tribunal Supremo para adoptar las reglas a regir la Administración de Personal de la Rama Judicial, 4 L.P.R.A. § 521. Así, la sección 524 de la Ley de Personal creó la Junta de Personal de la Rama Judicial. La referida sección 524 (B) establece que la Junta de Personal tendrá:

"facultad para revisar las determinaciones tomadas por el poder nominador, como medidas disciplinarias, destituciones y toda clase de acción de personal en aquellos casos de empleados y funcionarios a los que las reglas le concedan tal derecho. **Dentro de quince días, a partir de la fecha de la notificación** de la acción de personal, de la medida disciplinaria o destitución mediante la formulación de cargos, el empleado o funcionario puede apelar esta determinación ante esta Junta." 4 L.P.R.A. § 524

Conforme a la facultad delegada por la Ley de Personal, el Tribunal Supremo aprobó el Reglamento de la Junta de Personal de la Rama Judicial, 4 L.P.R.A. Apéndice XIV. Dicho reglamento entró en vigor el 30 de agosto de 1974. Éste regula la organización, funciones y facultades de la Junta de Personal, *Rivera v. Director Adm. de los Tribunales, supra,* a la página 815.

Por su parte, el Artículo VIII del Reglamento de la Junta de Personal, 4 L.P.R.A. Ap. XIV, Art. VIII, establece en lo pertinente lo siguiente:

"(a) En casos en que no proceda la apelación, el funcionario o empleado de la Rama Judicial, o la persona particular que se considere afectada por alguna determinación, acción u omisión de la autoridad nominadora, podrá querellarse ante la Junta dentro del término de quince (15) días, contados a partir de la fecha en que se tomó la determinación o acción, o a partir de la fecha en que tuvo conocimiento de la omisión que entiende le afecta en sus derechos. **Dicho término se considerará de carácter jurisdiccional.** (Énfasis nuestro)

(b) Se entenderá que la querella ha sido presentada dentro del término si a la fecha en que la misma fuere recibida en la Secretaría, o en que hubiere sido depositada en el correo, según surja del matasellos del correo, no hubiere expirado el referido término de quince (15) días."

## C

De otra parte, es norma reiterada que la autoridad de una agencia administrativa para aprobar reglas o reglamentos surge directamente de su ley habilitadora. Demetrio Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme,* 2da ed., Colombia, Forum, 2001, págs. 122-123, 131 *et seq.* El estatuto orgánico o ley habilitadora de una agencia es lo que "define y delimita" la extensión de la jurisdicción de la agencia. *Id.,* a la pág. 131; *Perfect Cleaning v. Cardiovascular,* 162 D.P.R. 745 (2004). En cuanto a esto, el Prof. Fernández Quiñones expresa que:

"Cualquier transgresión a lo pautado por la ley [habilitadora de la agencia] respecto a los linderos de acción constituye una acción ilícita. Se considera que dicha actuación ha sido efectuada sin autoridad. La importancia de esta doctrina en el campo de la reglamentación es incuestionable. Descansa lo aseverado en la premisa de carácter absoluto de que el poder de aprobar reglas y reglamentos no puede trascender la autoridad delegada. Por tal razón, "un reglamento para implementar la ejecución de una ley puede complementarla, pero no estar en conflicto con ésta". Es nulo el reglamento que esté en conflicto o en contra de la ley. *Id.,* a la pág. 131; *citando a P.S.P. v. Comisión Estatal de Elecciones,* 110 D.P.R. 400, 409 (1980); *Infante v. Trib. Examinador de Médicos,* 84 D.P.R. 308 (1961); y otras citas omitidas.

Por ello, al determinar si una agencia tiene la facultad para reglamentar cierto asunto, hay que ceñirse a lo dispuesto en su ley habilitadora. *Franco v. Depto. de 'Educación,* 148 D.P.R. 703, 711-712 (1999); Fernández

Quiñones, *supra*, a las págs. 122-123. De esta forma se evita que la agencia exceda el marco de autoridad delegado por la Asamblea Legislativa y actúe de manera ilegal o *ultra vires*. *Puerto Rico Telephone Co. v. Junta Reglamentadota de Telecomunicaciones*, 151 D.P.R. 269 (2000). Asimismo, la regla o reglamento debe ser razonable. *Franco v. Depto. de Educación, supra*, a la pág. 712. Hay que asegurar que la agencia no imponga normas arbitrarias o caprichosas ajenas al propósito de las funciones que le fueron delegadas. *Id., Carrero v. Depto. de Educación*, 141 D.P.R. 830, 837 (1996).

En *Perfect Cleaning v. Cardiovascular, supra*, a la página 759, el Tribunal Supremo pautó que:

"Al precisar si la agencia ha excedido su autoridad en el ámbito reglamentario, le corresponde al tribunal evaluar: (1) si se delegó poder de reglamentación; (2) si la actuación administrativa está autorizada por ley; (3) si la reglamentación promulgada está dentro de los amplios poderes delegados; (4) si al aprobarse el reglamento se cumplió con las normas procesales de la ley habilitadora de la agencia y la LPAU; y (5) si la reglamentación es arbitraria o caprichosa. *Pérez Santos v. Comisión Relaciones del Trabajo*, res. el 4 de octubre de 2002, **2002 JTS 139**; *Caribe Communications v. Puerto Rico Telephone Co, Inc.*, res. el 18 de junio de 2002, **2002 JTS 91**. La agencia habrá actuado de manera *ultra vires* de concluirse que la regla o reglamento examinado no se aprobó con arreglo a todos estos requisitos. *Caribe Communications v. Puerto Rico Telephone Co, Inc., supra*; además, Fernández Quiñones, *supra*, a la pág. 130. Por lo tanto, dicha actuación se considerará nula."

## D

De otra parte, sabido es que los términos provistos por las leyes y reglas procesales para que las partes actúen dentro de determinado plazo son de diversa naturaleza: discrecionales, directivos, de estricto cumplimiento, y fatales o jurisdiccionales. "Cuando el legislador ha querido que un término para resolver un asunto sea fatal o jurisdiccional, lo establece expresamente en la ley." *Pueblo v. Mojica Cruz*, 115 D.P.R. 569 (1984). En vista de ello, cuando la ley no contiene una expresión a tales efectos, el término deberá entenderse como uno directivo. *In re: Godinez Morales*, 161 D.P.R. 219 (2004).

Cónsono con lo antes expresado, en *Junta de Directores v. Ramos*, 157 DPR 818 (2002), el Tribunal Supremo indicó que ante la ausencia de una expresión clara del legislador en cuanto a la naturaleza jurisdiccional del término, no se le puede impartir dicho carácter al mismo. Por tal razón, el Supremo decidió en *Junta de Directores, supra,* que el término ante su consideración era uno de cumplimiento estricto. Expresó que, como la atribución de carácter jurisdiccional tiene graves consecuencias procesales porque tiende a privar al foro de autoridad para entender en el pleito o reclamación, **"sólo puede determinarse la falta de jurisdicción de un tribunal sobre algún asunto si ello se ha dispuesto claramente por ley."** *Junta de Directores v. Ramos, supra*; *Junta Directores Condominio Montebello v. Fernández*, 136 D.P.R. 223 (1994).

Es norma reiterada que para privar a un tribunal de su autoridad para conocer sobre algún asunto en particular, es necesario que algún estatuto expresamente así lo disponga o que ello surja del mismo por implicación necesaria, *Sixto Quiñones González v. Asociación de Condóminos,* 161 D.P.R. 668 (2004).

Por otro lado, está claramente establecido en nuestro ordenamiento jurídico la diferencia entre un término jurisdiccional y un término de estricto cumplimiento. Un término jurisdiccional, contrario a un término de cumplimiento estricto, es **fatal, improrrogable e insubsanable.** El mismo no puede acortarse y tampoco es susceptible de extenderse. *Martínez Inc. v. Abijoe Realty Corp.*, 151 D.P.R. 1 (2000).

Por el contrario, los requisitos de cumplimiento estricto pueden eximirse por causa justificada oportunamente invocada. *Colón Morales v. Rivera Morales*, 146 D.P.R. 930 (1998). Los tribunales y las agencias administrativas tienen discreción para extender un término de cumplimiento estricto cuando la parte que lo solicita demuestra justa causa para la tardanza.

Así, se puede eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto si están presentes dos condiciones: (1) "que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida." *Rojas Lugo v. Axtmayer Enterprises, Inc.*, 150 D. P.R. 560 (2000). El Supremo ha expresado que aun cuando recae sobre la parte que incumple con el término de cumplimiento estricto la obligación de demostrar justa causa para el incumplimiento, "los tribunales, antes de decretar la severa sanción de la desestimación del recurso, deben concederle a la parte que así lo asevera y reclama una oportunidad razonable de demostrar o evidenciar la justa causa requerida." *Rojas Lugo v. Axtmayer Enterprises, Inc., supra.*

**E**

De otro lado, la Ley de la Judicatura de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 L.P.R.A. § 24 *et seq.*, dispone que el Tribunal de Apelaciones revisará, como cuestión de derecho, las **decisiones, órdenes y resoluciones finales** de los organismos o agencias administrativas conforme a lo dispuesto en la LPAU. Véase Art. 4.006, 4 L.P.R.A. sec. 24 y (c). La LPAU, a su vez, establece en su sección 4.1 que las normas relativas a la revisión judicial se extienden a todas las órdenes, resoluciones y providencias adjudicativas dictadas por las agencias administrativas que no estén expresamente exceptuadas por ley. 3 L.P.R.A. sec. 2171.

En particular, la LPAU dispone que [u]na **parte adversamente afectada por una orden o resolución final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo apelativo correspondiente podrá presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días a partir del archivo en autos de copia de la notificación de la orden o resolución final de la agencia...". (Énfasis suplido). 3 L.P.R.A. § 2172.

Mediante esta disposición, el estatuto limitó nuestra revisión a decisiones que cumplieran con dos requisitos: 1) que fueran órdenes o resoluciones finales de la agencia; y 2) que la parte adversamente afectada haya agotado todos los remedios provistos por la agencia administrativa. *Junta Examinadora de Tecnólogos Médicos v. Elías*, 144 D.P.R. 483 (1997).

Ahora bien, para que una orden o resolución sea considerada final, se requiere que la misma le ponga fin al caso ante la agencia y que tenga efectos sustanciales sobre las partes. *Comisionado de Seguros v. Universal Insurance*, res. 1 de febrero de 2006, **2006 JTS 24**. Además, para que dicha decisión tenga carácter de finalidad, debe incluir determinaciones de hechos, conclusiones de derecho y una advertencia sobre el derecho a solicitar reconsideración o revisión judicial. 3 L.P.R.A. sec. 2164. Igualmente, la misma debe estar firmada por el jefe de la agencia o por un funcionario autorizado. Una orden o resolución final es aquélla que pone fin a los procedimientos en un foro determinado, *Crespo Claudio v. Oficina de Ética Gubernamental, supra; Junta Examinadora de Tecnólogos Médicos v. Elías, supra.*

Al limitar la revisión a las órdenes y resoluciones finales, la Asamblea Legislativa se aseguró que la intervención judicial se realizara después que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes ante la agencia. *Junta Examinadora de Tecnólogos Médicos v. Elías, supra.*

Aunque la exigencia de que el Tribunal de Circuito de Apelaciones sólo podrá revisar aquellas órdenes o resoluciones finales de una agencia es distinguible de la doctrina de agotamiento de remedios, el Tribunal Supremo determinó que su alcance es análogo. De ordinario, tienen las mismas excepciones. Ambas doctrinas permiten que los tribunales discrecionalmente se abstengan de revisar una actuación de una agencia gubernamental hasta tanto la agencia haya tenido la oportunidad de considerar todos los aspectos de la controversia y su decisión refleje la posición final de la persona o la junta que dirija la entidad estatal. *Junta Examinodara de Tecnólogos Médicos v. Elías, supra.*

Así, la doctrina permite que se puede preterir el trámite administrativo cuando "la agencia claramente no tiene jurisdicción y la posposición conlleva un daño irreparable al afectado, o el asunto es estrictamente de derecho que no requiere unos conocimientos especiales de una agencia administrativa. *Vélez Ramírez v. Romero Barceló,* 112 D.P.R. 716, 723 (1982).

La Sección 4.3 de LPAU reproduce esta norma jurisprudencial y expresamente dispone que se "podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos... cuando sea un caso claro de falta de jurisdicción de la agencia". 3 L.P.R.A. sec. 2173.

A tenor con esta disposición, el tribunal puede prescindir del trámite administrativo cuando se impugne la jurisdicción del foro administrativo y de las alegaciones se desprende claramente que la agencia no tiene jurisdicción. Dicha doctrina parte de la premisa que si la agencia no tiene jurisdicción, su actuación es *ultra vires* y es innecesario agotar los remedios provistos. Además, cuando se trata de un caso claro de falta de jurisdicción, el asunto es enteramente de la competencia judicial. *Junta Examinadora de Tecnólogos Médicos v. Elías, supra.*

La doctrina acepta que cuando surge claramente que no hay jurisdicción, ningún beneficio se obtiene obligando al litigante a mantenerse en la agencia hasta culminar el proceso. No es entonces necesario consumir los remedios. Requerirlo en esas circunstancias sería una futilidad en términos de tiempo y dinero, porque finalmente el foro judicial, con toda probabilidad, invalidaría el proceso. Así, en la medida que la cuestión jurisdiccional es menos clara que disminuyen estos riesgos, es adecuado compeler a que se agoten dichos remedios. *Vélez Ramírez v. Romero Barceló, supra,* a la pág. 725; *Junta Examinadora de Tecnólogos Médicos v. Elías, supra.*

Esta excepción es aplicable al requisito de que sólo se revisaran las órdenes o resoluciones finales de las agencias administrativas. Si una agencia claramente no tiene jurisdicción para adjudicar un caso, su actuación es *ultra vires.* Sería injusto requerir que una parte tenga que litigar un caso en una agencia sin jurisdicción únicamente para cumplir con el requisito de finalidad. *Junta Examinadora de Tecnólogos Médicos v. Elías, supra.*

## IV

De acuerdo con las normas antes expuestas, examinemos el recurso de autos.

Por entender que la querella fue presentada fuera de término, la Directora Administrativa presentó el recurso de epígrafe. En síntesis, ésta alega en su recurso que la Junta de Personal no tenía jurisdicción para atender la querella porque la misma fue presentada fuera del término jurisdiccional de quince días provisto para ello. Sostiene que el término de 15 días comenzó a decursar desde el 3 de noviembre de 2008, fecha en que el señor Santiago recibió la notificación de la decisión, y que el mismo vencía el 18 de noviembre de 2008. Agrega que la querella fue recibida por la Junta de Personal el 26 de noviembre de 2008, expirado ya el término jurisdiccional y que, por ende, la Junta carecía de jurisdicción para intervenir en el asunto.

Como vimos, el Reglamento de la Junta de Personal de la Rama Judicial establece que el empleado de la Rama Judicial que se considere afectado por alguna determinación podrá querellarse ante la Junta de Personal dentro del término de quince (15) días, contados a partir de la fecha en que se tomó la determinación o acción, o a partir de la fecha en que tuvo conocimiento de la omisión que entiende le afecta sus derechos. El Reglamento de Personal dispone que este término es de carácter jurisdiccional, o sea, fatal e improrrogable.

Sin embargo, al examinar la Ley de Personal, que es la ley habilitadora de la Junta de Personal, encontramos que de la misma no se desprende el carácter jurisdiccional de dicho término. Al referirse al término que tiene el empleado o funcionario para presentar una querella ante la Junta, la Ley de Personal señala "dentro de quince (15) días, a partir de la fecha de notificación...". 4 L.P.R.A. § 524 (b). Como vemos, el legislador no dispuso que este término sea uno jurisdiccional.

Como indicáramos, cuando el legislador ha querido que un término para resolver un asunto sea fatal o jurisdiccional, lo establece expresamente en la ley. *Pueblo v. Mojica Cruz*, 115 D.P.R. 569 (1984). Es por ello, que cuando la ley no contiene una expresión, a tales efectos, el término debe entenderse como uno directivo o de cumplimiento estricto. Ante la ausencia de una expresión clara del legislador en cuanto a la naturaleza jurisdiccional del término, no se le puede impartir dicho carácter al mismo. La atribución de carácter jurisdiccional tiene graves consecuencias procesales al privar al foro de autoridad para entender en la reclamación; por ello, debe establecerse expresamente en ley.

Como expresamos, la ley habilitadora que nos concierne no contiene expresión alguna que haga referencia al carácter jurisdiccional del término para apelar ante la Junta de Personal. Es la ley habilitadora de una agencia la que "define y delimita" la extensión de su jurisdicción. La autoridad que posee una agencia administrativa para aprobar reglamentos surge directamente de su ley habilitadora. Es por esta razón que un reglamento para implementar la ejecución de una ley puede complementarla, pero no estar en conflicto con la ley. Conforme a esta normativa, ante la ausencia de una expresión clara del legislador, la agencia no puede impartirle carácter jurisdiccional a un término por medio de un reglamento. El reglamento promulgado por una agencia debe circunscribirse a la ley bajo la cual el mismo fue promulgado. Repetimos, si la ley en este caso no estableció el carácter jurisdiccional del término de quince días para presentar la querella ante la Junta de Personal, dicho término debió ser considerado como uno directivo o de cumplimiento estricto.

En cuanto a los méritos del recurso presentado, debemos determinar si el mismo contiene la excepción a la regla reconocida de que sólo serán revisables ante el tribunal las resoluciones finales de las agencias.

Como vimos, la Ley de La Judicatura de 2003, *supra,* limitó la revisión de este tribunal a decisiones, órdenes y resoluciones finales. Éstas deben cumplir con dos requisitos: 1) que sean órdenes o resoluciones finales de la agencia; y 2) que la parte adversamente afectada haya agotado todos los remedios provistos por la agencia administrativa. *Junta Examinadora de Tecnólogos Médicos v. Elías, supra.* No obstante, existen excepciones a dicha regla. Conforme a dichas excepciones, el tribunal puede prescindir del trámite administrativo cuando se impugne la jurisdicción del foro administrativo y de las alegaciones se desprende claramente que la agencia no tiene jurisdicción. La Directora Administradora alega que en este caso está presente la aludida excepción de falta de jurisdicción.

En el presente caso, la Junta de Personal avaló la presentación de la querella mediante el correo interno de la Rama Judicial e indicó en su orden de 30 de enero de 2009 que habiéndose presentado en la Oficina del Director Ejecutivo el 14 de noviembre de 2008, el envío ocurrió dentro del término dispuesto para ello. Aun cuando en su orden la referida Junta le reconoce carácter jurisdiccional a dicho término, no lo tiene. Así, si examináramos el asunto ante lo que sería un término directivo o de cumplimiento estricto, siguiendo el mismo razonamiento ya expresado, la junta no tendría razones para rechazar la querella presentada. Esto es, si la Junta concluyó que se cumplió con el término "jurisdiccional", no advertimos como podría determinar, en su defecto, que no se cumplió con un término directivo o de cumplimiento estricto.

Así, una vez determinado que el término de 15 días para presentar la apelación ante la Junta de Personal no puede ser jurisdiccional, porque la ley así no lo estableció, forzoso resulta concluir que en el presente caso no está presente la excepción relativa a la "clara falta de jurisdicción" reconocida por nuestra jurisprudencia a los fines de permitir que un litigante pueda preterir el cause administrativo. En su consecuencia, estamos ante una resolución interlocutoria para cuya revisión carecemos de jurisdicción.

## V

Por los fundamentos expuestos, se desestima el recurso por falta de jurisdicción. Se devuelve el caso a la Junta de Personal de la Rama Judicial para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

**ESCOLIO 2009 DTA 93**

1. El señor Santiago compareció el 27 de marzo de 2009 y nos solicitó un término adicional de 10 días para presentar su alegato. La prórroga concedida venció el 5 de mayo de 2009 y al día de hoy éste no ha presentado su escrito de oposición.