# 2006 DTA 30

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL II**

JOSÉ ORTIZ TORRES Y OTROS
Recurridos

v.

DIRECTORA ADMINISTRATIVA DE LOS TRIBUNALES
Recurrente

Núm. KLRA-05-00380

San Juan, Puerto Rico, a 14 de diciembre de 2005

Panel integrado por su Presidenta, la Juez Peñagarícano Soler,
y los Jueces González Vargas y Sepúlveda Santiago

## TEXTO COMPLETO DE LA SENTENCIA

La Directora Administrativa de los Tribunales (recurrente o Directora de OAT), instó el recurso de revisión que nos ocupa. En éste solicitó la revisión de la Resolución emitida el 10 de mayo de 2005 por la Junta de Personal de la Rama Judicial (la Junta). █ Mediante la aludida Resolución, el foro recurrido declaró ha lugar la querella de los empleados José Julián Ortiz Torres, Richard Vázquez Rojas, María I. Cruz Ortiz y Carmen L. Aponte Flores (querellantes-recurridos) de la Región Judicial de Aibonito y ordenó que se evaluaran los expedientes de estos últimos, de forma que se garantice que no fueron lesionados en su derecho.

Examinadas cuidadosamente la comparecencia de las partes y el derecho aplicable, confirmamos la resolución recurrida. A continuación, exponemos el trasfondo fáctico y procesal que antecedió la decisión recurrida.

### I

Según se desprende del recurso, el 30 de octubre de 2001, la entonces Directora de OAT, Hon. Mercedes Bauermeister emitió un memorando en el cual informó a todos los empleados de la Rama Judicial que el entonces Juez Presidente, Hon. José A. Andréu García determinó conceder aumentos de sueldo por mérito para aquellos empleados que se desempeñaran con excelencia. Así también informó que cada región judicial tendrá asignada una cantidad de pasos equivalente al 30% del total de empleados. █ Así las cosas, el entonces Juez Administrador Regional, Hon. Aurelio Gracia Morales (Gracia Morales) informó mediante memorando del 28 de noviembre de 2001, el procedimiento para la evaluación y recomendación de los pasos por mérito. En cuanto al trámite de evaluación de los empleados, Gracia Morales dispuso que *"... para la consideración de candidatos es necesario que cada supervisor proceda a hacer una evaluación de aquellas personas que entiendan son merecedoras del paso por mérito"*. Además, señaló en dicha misiva que se deberá utilizar el manual de *"Normas y Procedimientos para Conceder Aumento de Sueldo por Mérito"*, aprobado el 23 de octubre de 2001.

Dichas evaluaciones fueron evaluadas por un comité compuesto por el Juez Administrador de la Región Judicial de Aibonito, la Directora Ejecutiva, el Alguacil Regional, la Secretaria Regional y una empleada del Centro Judicial de Aibonito.

Durante el procedimiento de evaluación del Tribunal de Comerío, el supervisor del Tribunal, Hon. Juez Mario Morales Rosario, entregó selectivamente las hojas de evaluaciones a las personas que iba a sugerir para el paso por mérito, sin realizar evaluación alguna, sin evaluar al resto del personal y sin tomar en consideración a los empleados del Tribunal de Barranquitas, los cuales también estaban bajo su supervisión.

Como resultado, entre los empleados hubo malestar por el procedimiento que se llevó a cabo para la adjudicación de los pasos por mérito por entender que el mismo no fue justo y equitativo.

Así las cosas, el 30 de agosto de 2002, los querellantes-recurridos presentaron una querella ante la Junta alegando que el procedimiento de evaluaciones y las concesiones de pasos por mérito no se realizó conforme a derecho. En cambio, arguyen que los pasos por méritos fueron concedidos a empleados que por una razón u otra no cualificaban para tal otorgamiento. De otra parte, señalaron que empleados seleccionados para otorgarles pasos por mérito fueron privados de recibir los mismos, porque sus supervisores no supieron cumplimentar las hojas de evaluaciones. Finalmente, alegaron que la situación particular suscitada en el Tribunal de Comerío, donde dos empleados completaron el formulario de evaluación, estaba en contra de las disposiciones y reglamentaciones vigentes.

Luego de examinar los testimonios vertidos en la vista, así como la prueba documental presentadas por las partes, la Junta concluyó y adjudicó lo siguiente:

*"Habiéndose demostrado por los querellantes, que en el proceso seguido en la Región de Aibonito para la concesión de pasos por mérito no se cumplió cabalmente con las "Normas y Procedimientos para Conceder Aumento de Sueldo por Mérito" y con las instrucciones impartidas por el Juez Administrador en el memorando emitido el 28 de noviembre de 2001, **se declara con lugar la querella y se ordena a la querellada a evaluar los expedientes de los querellantes y evaluar cómo se hicieron las recomendaciones de pasos por mérito específicamente en sus áreas de trabajo de manera que se garantice que los querellantes no fueron lesionados en sus derechos y si lo fueron, se les concedan los pasos por mérito."***

Inconforme con dicho dictamen, el recurrente presentó el recurso que nos ocupa, señalando los siguientes errores:

*"1. Erró la Honorable Junta de Personal al realizar las determinaciones de hechos números cinco, seis y siete.*

*2. Erró la Honorable Junta de Personal al declarar con lugar la querella y ordenar a la querellada a evaluar cómo se hicieron las recomendaciones de pasos por mérito, específicamente en sus áreas de trabajo de manera que se garantice que los querellantes no fueron lesionados en sus derechos y si lo fueron, se les concedan los pasos por mérito."*

Estudiados los alegatos sometidos, atendemos los méritos del recurso.

## II

La Ley Núm. 64 de 31 de mayo de 1973, según enmendada, 4 L.P.R.A. sec. 521 *et seq.* faculta al Tribunal Supremo de Puerto Rico para adoptar las Reglas pertinentes para regir la Administración de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII. Por otro lado, la Ley Núm. 64, *supra*, establece una Junta denominada *"Junta de Personal de la Rama Judicial"* con facultad para revisar las determinaciones tomadas por el poder nominador, 4 L.P.R.A. sec. 524.

Conforme a lo anterior, el Artículo 10.5 del Reglamento de Administración de Personal de la Rama Judicial, 4 L.P.R.A. Ap. XIII dispone:

*"El Juez Presidente, con arreglo a los recursos fiscales que tenga disponible el Tribunal General de Justicia en determinado momento, podrá conceder aumentos de sueldo en la retribución de los empleados en reconocimiento al mérito de la labor realizada y de los años de servicios satisfactorios prestados."*

Asimismo, el Artículo 10.5 (a) del Reglamento, *supra*, establece entre otras cosas, lo siguiente:

*"Podrán ser elegibles a recibir un aumento en la retribución por méritos los empleados que ocupen un puesto regular y hayan laborado para el Tribunal General de Justicia por un período no menor de doce meses (12) consecutivos sin haber recibido aumento en su retribución por este concepto con anterioridad a la fecha de efectividad en que se otorgue el mismo.."*

Por su parte, el Artículo 10.5 (e) titulado Conceptos Generales versa:

*"En la concesión de estos aumentos, los supervisores tomarán en consideración la productividad, eficiencia, relaciones interpersonales, el récord del empleado en cuanto a la conducta y asistencia y las actitudes y confidencialidad que demuestran en el desempeño de su trabajo."*

Cónsono con lo anterior, se creó un manual Titulado *"Normas y Procedimientos para Conceder Aumento de Sueldo por Mérito"* el cual fue aprobado el 23 de octubre de 2001 para preparar las referidas evaluaciones con el

fin y objetivo, entre otros de:

"*a. Reconocer la **labor de excelencia del personal que generalmente excede las expectativas del desempeño de sus tareas y responsabilidades.***

*b. Motivar al personal a mantener un nivel de excelencia en su desempeño diario.*

*c. **Garantizar la objetividad y uniformidad de los criterios** considerados en el **proceso de evaluación** para la otorgación de pasos por mérito.*

*d. Garantizar que los(as) empleados(as) compitan con los(las) empleados(as) de su propia región u oficina recibiendo una evaluación **justa y equitativa.***"

En específico, la sección IV titulada Procedimiento del referido manual dispone lo siguiente:

"*Las normas y Procedimientos para conceder aumento en retribución por mérito serán de aplicación a todas las Regiones, OAT, Circuito de Apelaciones y el Tribunal Supremo considerando el desempeño de todos(as) sus empleados(as). Esto permite que los(as) empleados(as) compitan con los(as) empleados(as) de su propia región u oficina recibiendo una evaluación justa y equitativo.*

*1. El(La) Supervisor(a) revisará la información del(de la) empleado(a) relacionada con sus deberes y responsabilidades. Por ejemplo Descripción de Puesto, Especificación de Clase u otro.*

*2. Identificará el nivel de desempeño superior o bueno en cada uno de los ocho (8) criterios generales aplicables al(a la) empleado(a) utilizando las guías de conducta adscritas a cada criterio en el formulario de evaluación que corresponda. (Véase Anejo A y B)*

*3. **El(La) Supervisor(a) preparará la descripción escrita sobre contribución a la Rama Judicial** (inciso C-4), completa la evaluación y recomendación del(de la) candidato(a) y la refiere al(a la) Director(a) Ejecutiv(a) Regional.*

*4. . . .*

*5. . . .*

*6. . . .*"*.

Ciertamente, aún cuando la Administración de Tribunales no es una agencia administrativa, y en consecuencia, sus decisiones no se rigen por la L.P.A.U., de existir una situación particular en la cual la Rama Judicial no haya provisto una reglamentación específica que atienda la misma, para propósitos de revisión judicial, nuestro más Alto Foro estableció que, conforme a la norma prevaleciente, lo más sensato y procedente era que este tipo de situaciones se rijan por un procedimiento similar a de la revisión judicial de determinaciones administrativas provisto por la L.P.A.U. *Rivera v. Director Administrativo de los Tribunales,* 144 D.P.R. 808 (1998).

Es norma reiterada de derecho administrativo que la función revisora de los tribunales con respecto a las determinaciones de las agencias administrativas es de carácter limitado. Ello por razón de que las decisiones de éstas merecen gran deferencia y respeto de los tribunales debido a la experiencia y peritaje que gozan dichos organismos en las áreas de su competencia. *Socorro Rebollo v. Yiyi Motors,* **2004 J.T.S. 4**; *Pacheco Torres v. Estancias de Yauco,* **2003 J.T.S. 150**; *ELA v. Frigorífico y Almacén del Turabo, Inc.,* **2001 J.T.S. 125**; *Misión*

*Industrial v. Junta de Planificación*, 146 D.P.R. 64 (1998).

Las actuaciones administrativas gozan de una presunción de regularidad y corrección que prevalece mientras la parte que las impugne no produzca suficiente evidencia para derrotarlas. *Henríquez v. Consejo de Educación Superior*, 120 D.P.R. 194, 210 (1987); *Murphy Bernabe v. Tribunal Superior*, 103 D.P.R. 692, 699 (1975).

De este modo, los tribunales han de limitarse a determinar si la agencia actuó arbitraria o ilegalmente, o en forma tan irrazonable que su actuación hubiese constituido un claro abuso de discreción. *Rivera Rentas v. A&C Development Corp.*, 144 D.P.R. 450 (1997); *Fuentes v. ARPE*, 134 D.P.R. 692 (1993); *Murphy Bernabe v. Tribunal Superior, supra*. Es deber primordial de los tribunales indagar sobre la razonabilidad de la decisión administrativa y no sustituir el criterio de dicho organismo por el suyo propio a menos que se violen derechos constitucionales o que la actuación administrativa sea totalmente arbitraria. *Henríquez v. Consejo de Educación Superior, supra; La Facultad para las Ciencias Aplicadas, Inc. v. C.E.S.*, 133 D.P.R. 521 (1993).

Cónsono con la deferencia establecida al ejercicio de la función adjudicativa administrativa, las determinaciones de hechos formuladas por las agencias serán sostenidas por los tribunales, siempre que estén apoyadas en evidencia sustancial que obre en el expediente administrativo. *O.E.G. v. Román González*, **2003 J.T.S. 74**; *O.E.G. v. Rodríguez Martínez*, **2003 J.T.S. 51**.

El proceso de revisión judicial comprende tres (3) áreas: (1) la concesión del remedio apropiado; (2) la revisión de las determinaciones de hechos conforme al criterio de la evidencia sustancial; y (3) la revisión de las conclusiones de derecho. El récord o expediente administrativo constituirá la base exclusiva para la acción de la agencia en un procedimiento adjudicativo y para la revisión judicial ulterior. *Torres Acosta v. Junta Examinadora de Ingenieros*, **2004 J.T.S. 71**.

En cuanto a las determinaciones de hechos, el criterio bajo el cual un tribunal debe de revisar las determinaciones e interpretaciones de una agencia, es el criterio de razonabilidad. *Socorro Rebollo v. Yiyi Motors, supra*. Al evaluar la decisión de la agencia, el tribunal debe determinar si ésta actuó de manera arbitraria, ilegal o tan irrazonable que sus actuaciones constituyeron un abuso de discreción. Cuando la agencia interpreta el estatuto que viene llamada a poner en vigor de forma tal que produce resultados contrarios al propósito de la ley, dicha interpretación no puede prevalecer. *Torres Acosta v. Junta Examinadora de Ingenieros, supra.*

El estándar de revisión judicial en materia de decisiones administrativas se circunscribe a determinar si existe una base racional respaldada por evidencia sustancial que sostenga la decisión o interpretación impugnada. A estos fines, *"evidencia sustancial"* es aquella relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Hilton Hotels v. Junta de Salario Mínimo*, 74 D.P.R. 670, 687 (1953).

Si la totalidad del expediente administrativo sostiene las determinaciones adoptadas por el foro administrativo, los tribunales no deben sustituirlas por su propio criterio. Además, las decisiones de las agencias administrativas tienen a su favor una presunción de legalidad y corrección, la cual debe ser respetada por los tribunales mientras la parte que las impugna no produzca suficiente evidencia para derrotarlas. La parte afectada debe demostrar que con base en la prueba presentada, claramente la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Socorro Rebollo v. Yiyi Motors, supra*. Las conclusiones de derecho de la agencia, distinto de las determinaciones de hechos, pueden ser revisadas en todos sus aspectos por el tribunal, sin sujeción a norma o criterio alguno.

### III
Por estar intrínsecamente relacionados entre sí, discutiremos en conjunto los errores señalados. En el caso que nos ocupa, el recurrente cuestiona tres de las ocho determinaciones de hechos realizadas por la Junta en sus Resolución. █ Además, aduce que la Junta erró al concluir que existieron anomalías e irregularidades en el

proceso de adjudicación de pasos por méritos.

Por su parte, los querellantes-recurridos alegan que la concesión de pasos por mérito no se hizo según las disposiciones del manual de *"Normas y Procedimientos para Conceder Aumento de Sueldo por Mérito y del Reglamento de Administración de Personal de la Rama Judicial"*, supra. Además, no se obedeciera las instrucciones impartidas por el entonces Juez Administrador de la Región Judicial de Aibonito, Gracia Morales, en su memorando del 28 de noviembre de 2001. Conforme a lo anterior, alegan que la forma y manera en que se llevó a cabo la concesión de pasos por mérito en la Región de Aibonito laceró los principios básicos de ellos como empleados.

Luego de examinar ponderadamente el caso de marras, compartimos y respetamos el razonamiento de la Junta cuando concluyó que el proceso y procedimiento de evaluaciones utilizado en la Región de Aibonito no cumplió cabalmente con las *"Normas y Procedimientos para Conceder Aumento de Sueldo por Mérito"* ni con las instrucciones impartidas por el Juez Administrador en su memorando emitido el 28 de noviembre de 2001.

En primer lugar, adoptamos el argumento de la Junta cuando concluye que no se distribuyeron equitativamente los pasos en las distintas divisiones de la Región de Aibonito conforme al memorando suscrito por Gracia Morales el 28 de noviembre de 2001. Ciertamente en su memorando, éste se reservó la facultad de hacer cualquier ajuste en el procedimiento de evaluación y concesión de aumentos. Sin embargo, no se aportó evidencia de que se hubiese variado el procedimiento o se hubiese ejercitado dicha facultad. ■

En segundo lugar, en el proceso de evaluación, algunas evaluaciones se prepararon incorrectamente por los supervisores y en lugar de devolvérselas o pedirles que las llenasen correctamente, no las consideraron y *"sobraron"* pasos que fueron sorteados cuando ello no se contempló ni por la Directora de OAT ni por el Juez Administrador de la Región Judicial de Aibonito. ■

Finalmente, lo ocurrido en el Tribunal de Comerío donde dos empleados completaron el formulario de evaluación va en contra de la reglamentación vigente, ya que en el Manual de las *"Normas y Procedimientos para conceder aumento de sueldo por mérito"* Art. IV dispone: **que el supervisor tiene la obligación de completar el formulario de evaluación.**

La recurrente intenta justificar su proceder alegando que el procedimiento efectuado en el tribunal de Comerío no violó las normas establecidas, pues aunque los dos empleados completaron el formulario de evaluación, su supervisor luego de verificarlas, las firmó. Entendemos que el argumento de la parte recurrente es uno erróneo y carente de méritos.

El propio manual de *"Normas y Procedimientos para Conceder Aumento de Sueldo por Mérito"* establece clara y diáfanamente que el supervisor tiene la obligación de revisar, identificar, seleccionar, evaluar y recomendar a sus empleados para la concesión de pasos por méritos. El proceso seguido para la concesión de los aumentos en controversia fue uno sustancialmente irregular, arbitrario y en contravención de la propia reglamentación aplicable de la OAT.

En el caso de marras, el recurrente no ha demostrado que la evidencia en el expediente administrativo que avala la decisión recurrida no sea sustancial. Tampoco ha demostrado que haya presentado otra prueba en el récord que menoscabe la evidencia en el expediente administrativo en la que la Junta basó su decisión.

Los tribunales revisores no deben juzgar la sabiduría de las determinaciones que hacen las agencias administrativas dentro del marco de su pericia. *Aponte v. Figueroa Orozco*, 146 D.P.R. 675 (1998). Se deben sostener las conclusiones e interpretaciones administrativas siempre que la actuación de la agencia esté dentro de su conocimiento especializado y no haya sido arbitraria, ilegal o en abuso de su discreción. *E.L.A. v. Frig. y Alm.*

*del Turabo, Inc.,* **2001 J.T.S. 125**. En este caso, la recurrente no ha demostrado arbitrariedad o irrazonabilidad alguna por parte de la Junta.

Por otro lado, la recurrente no ha demostrado que se haya incurrido en error en la apreciación de la prueba. Es norma reiterada que el foro apelativo no habrá de intervenir con la apreciación de la prueba hecha, a menos que demuestre que ésta haya sido influenciada con elementos de pasión, prejuicio, parcialidad o error craso y manifiesto.

Conforme con lo anterior, entendemos que la Junta emitió una interpretación integrada y armoniosa con la reglamentación vigente, con el propósito que se le otorgue fiel cumplimiento a los mismos.

Examinadas las determinaciones de la Junta, a la luz del ordenamiento jurídico, concurrimos con la Junta en cuanto a que no se reúnen en el presente caso los elementos necesarios que justifiquen que se invalide la Resolución recurrida.

**IV**

Por los fundamentos expuestos, se confirma la resolución recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones