Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| DAVID SUÁREZ ROMÁN<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202400151 | *REVISIÓN JUDICIAL*<br>Procedente de la Junta de Libertad Bajo Palabra<br><br>JLBP Núm.: 91389<br><br>Sobre: No concesión del privilegio de Libertad Bajo Palabra-Volver a Considerar |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Comparece ante nos, por derecho propio e *in forma pauperis*, el señor David Suárez Román ("Sr. Suarez Román" o "Recurrente"), mediante recurso de revisión judicial, recibido el 21 de marzo de 2024. Nos solicita que revisemos una *Resolución,* emitida por la Junta de Libertad bajo Palabra ("Junta" o "agencia recurrida") el 9 de diciembre de 2023, notificada el 18 del mismo mes y año y recibida por el Recurrente el 2 de febrero de 2024. Por virtud de la misma, la Junta denegó el privilegio de libertad bajo palabra.

Por los fundamentos expuestos a continuación, **desestimamos** el recurso de epígrafe, por falta de jurisdicción.

### I.

Según surge del expediente, el 15 de febrero de 2023 se refirió a la Junta al Recurrente, a los fines de evaluar si este cumplía con los requisitos para la concesión del privilegio de libertad bajo palabra. Luego de una evaluación del expediente del Recurrente, el

9 de diciembre de 2023, notificada el 18 del mismo mes y año,[1] la Junta emitió *Resolución,* en la que dictaminó no conceder el privilegio de la libertad bajo palabra.[2] Fundamentó su determinación en que la evaluación al Recurrente por parte de la Sección Programa de Evaluación y Asesoramiento ("SPEA") esboza que, "surgen mayores factores de riesgos que demuestran una necesidad apremiante de continuar con los programas y ofertas de rehabilitación que ofrece el Departamento de Corrección". Concluyó que el Recurrente no contaba con un plan de salida estructurado y viable, por lo que no cualificaba para el privilegio. Añadió que el Recurrente volvería a ser evaluado para la concesión del beneficio en noviembre de 2024. Dicha *Resolución* fue notificada al Recurrente el 2 de febrero de 2024.

En desacuerdo con dicha determinación, el 5 de marzo de 2024, el Recurrente presentó ante esta Curia su recurso de revisión judicial, el cual fue recibido el 21 de marzo de 2024. Mediante este, señaló que la Junta erró al establecer que no contaba con un amigo consejero para su plan de salida y cuestionó su determinación sobre que este debía continuar recibiendo tratamiento. En adición, sostuvo que la *Resolución* alude a que este cumple una pena por asesinato en segundo grado, lo cual no es correcto ya que cumple una sentencia por la tentativa del referido delito.[3]

El 5 de abril de 2024, esta Curia emitió *Resolución* en la que, entre otros asuntos, le concedió un término de treinta (30) días para que la Junta expusiera su oposición al recurso. En cumplimiento con lo ordenado, el 8 de mayo de 2024, la Junta, por conducto de la

---

[1] Del expediente surge una *Certificación de Notificación,* en la que establece que se remitiría copia de la Resolución emitida el 9 de diciembre de 2023 a las siguientes personas: Marangeli Sánchez Medina, Billy Sánchez Medina, José Santiago Cruz, Nayaraliz Suárez Sánchez. Véase Apéndice *Escrito en Cumplimiento de Orden y Solicitud de Desestimación,* pág. 8.

[2] *Íd,* págs. 1-4.

[3] Cabe destacar que el 21 de marzo de 2024, notificada el 25 del mismo mes y año, la Junta emitió *Resolución Nunc Pro Tunc,* a los únicos fines de corregir un error en el delito cometido por el Recurrente. *Íd,* págs. 9-12.

Oficina del Procurador General de Puerto Rico, presentó un escrito intitulado *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*. En síntesis, la Junta alegó que procedía la desestimación del caso, ya que el recurso de epígrafe fue presentado fuera del término dispuesto en Ley. En la alternativa, señaló que procedía que se confirmara la *Resolución* impugnada.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.
### A. *Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra,* 182 DPR 675, 682 (2011). "[L]a jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí". *Miranda Correa v. DDEC et al.*, 211 DPR 738 (2023), citando a *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. V. ELA et al.,* 204 DPR 89, 101 (2020); *García Ramis v. Serrallés*, 171 DPR 250, 254 (2007). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso, "pues la falta de jurisdicción no es susceptible de ser subsanada". *Báez Figueroa v. Adm. Corrección*, 209 DPR 288 (2022); *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855-856 (2009). Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Beltrán Cintrón et al. V. ELA et al., supra,* 4ágs.. 101-102 (Comillas y citas omitidas). Véase, además, *SLG Solá-Moreno et al. V. Bengoa Becerra, supra,* pág. 682.

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. "Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Juliá et al v. Epifanio Vidal, SE*, 153 DPR 357, 366 (2001).

### B. *Términos de la Revisión Judicial*

La *Ley de Procedimiento Administrativo del Gobierno de Puerto Rico*, Ley Núm. 37 del 30 de junio de 2017, 3 LPRA sec. 9601 *et seq.,* ("LPAU"), contiene un cuerpo de normas para gobernar las determinaciones de una agencia en procesos adjudicativos al emitir una orden o resolución que define derechos y deberes legales de personas específicas. *Rivera v. Dir. Adm. Trib.* 144 DPR 808 (1998). Además, establece un procedimiento uniforme de revisión judicial de las decisiones tomadas por las agencias administrativas. En específico, dicha ley aplica a todos los procedimientos en que una agencia deba adjudicar formalmente una controversia.

En específico, la Sección 4.2 de la LPAU, *supra,* establece el término que la parte afectada por una determinación final de la agencia debe cumplir para solicitar la revisión judicial.

Particularmente, la referida disposición estatutaria dispone lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, **cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación _oportuna_ de una moción de reconsideración.** La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Disponiéndose, que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. 3 LPRA sec. 9672.

Como vimos, este plazo para presentar la revisión judicial comienza a transcurrir a partir de la fecha del archivo en autos de la notificación de la decisión administrativa o a partir de la fecha aplicable cuando el término es interrumpido mediante la oportuna presentación de una moción de reconsideración. *Pérez Vélez v. VPH Motor Corp.*, 152 DPR 475, 483 (2000); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 115-116 (1998).

**III.**

Antes de entrar en los méritos de los reclamos presentados por la parte aquí Peticionaria, este Foro tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra, supra.* Efectuado tal ejercicio, notamos que esta Curia carece de jurisdicción para atender el presente caso, por tal razón, no tenemos otra alternativa que desestimarlo.

En el caso de autos, la parte Recurrente fue evaluada para la concesión del privilegio de la libertad a prueba. Surge del

expediente, que el 9 de diciembre de 2023, la Junta dictó *Resolución* en la que determinó no conceder el beneficio. **Dicha determinación fue notificada a la parte Recurrente el 2 de febrero de 2024.** A partir de esta fecha, 2 de febrero de 2024, el Recurrente contaba con un término de treinta (30) días para acudir ante esta Curia y cuestionar los méritos de la determinación emitida por la Junta. No obstante, **el 5 de marzo de 2024,** fuera del término establecido en la Sección 4.2 de la LPAU, *supra*, el Recurrente presentó el recurso de epígrafe, el cual fue recibido el 21 de marzo de 2024.

En vista de ello, el presente recurso es uno tardío y procede la desestimación del mismo. A tenor con lo anterior, carecemos de jurisdicción para atender el recurso de epígrafe.

**IV.**

Por los fundamentos expuestos, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones